DANIEL FINCH v. THE BOARD OF SUPERVISORS OF TEHAMA COUNTY.

BOARD OF SUPERVISORS—JURISDICTION.—A Board of Supervisors is a body with limited jurisdiction, and its jurisdiction must appear in the record of its proceedings.

SAME—FERRY LICENSES.—A Board of Supervisors has jurisdiction over the subject matter of granting and renewing ferry licenses.

RENEWAL OF FERRY LICENSE.—One who applies for a renewal of a ferry license, claiming precedence as an absolute right under the statute as against a party

making an original application, must show that he has kept the ferry the preceding year in accordance with law.

OBJECTIONS TO RENEWAL OF FERRY LICENSE.—If one who has a ferry license gives notice of an application for a renewal of the same for another year, any person may appear on the day appointed in the notice for a hearing, without any notice or citation to the applicant, and file objections to the renewal, and the Board may hear testimony on both sides.

REFUSAL TO RENEW FERRY LICENSE.—If a contest arises on the renewal of a ferry license, the Board of Supervisors has jurisdiction, upon the testimony, if found to be insufficient to entitle the party to a renewal, to reject the application.

GRANTING FERRY LICENSE.—If an application for a renewal of a ferry license is rejected, the Board has jurisdiction to grant an original license to one who has filed his petition and given proper notice of his application.

*Query !*—Has one whose application for a renewal of a ferry license has been rejected, and who did not appear and contest the granting of a license to another party making an original application, a right to be heard on a writ of review as to the action of the Board of Supervisors in granting a license to said original applicant?

THE facts are stated in the opinion of the Court.

*P. L. Edwards*, for Petitioner.

The relator, like any other person invested with a public trust, is presumed to have done his duty, and if he failed, the statute points out the only proceeding by which his license could be revoked, to wit : by complaint, duly verified, and summons issued thereon and served. (1 Hittell's Dig. par. 3,086 ; *Chard* v. *Stone*, 7 Cal. 117.)

The jurisdiction of inferior tribunals must be affirmatively shown. The *facts* constituting it are not to be presumed. (2 Cow. & Hill's Notes to Phil. on Ev. 179, N. 97, and p. 182.) These views are fully sustained in 7 Sm. & Mar. 85 ; 11 Mass. 510 ; 1 Bibb. 496 ; 4 Mass. 641 ; 3 Barb. 341 ; 19 John. 38 ; 9 Cow. 227.) The general question is ably reviewed in *Crepps* v. *Durden et als.*, 1 Smith's Leading Cases, marginal p. 378, and notes.

No facts showing any divestiture of the relator's rights were found by the Board or are in anywise indicated by the return ; but such a state of facts is necessary to evidence the jurisdiction of the Board and the regularity of its proceedings.

*H. H. Hartley*, for Defendant.

In proceedings on certiorari, such as the one under consideration, it is clearly established by the books that the question does not arise whether the Board of Supervisors decided properly or improperly upon the evidence introduced before them; nor can questions of fact be considered except so far as the same may be necessary to show whether the inferior tribunal had jurisciction of the case; but the sole subject for examination is whether the tribunal had jurisdiction and did not exceed it. If the introduction of a certain state of facts is necessary to show that the inferior tribunal had jurisdiction, then this Court will examine the evidence to that extent, and no further; and should it appear after such examination, from the law and evidence, that such tribunal had jurisdiction of the case and parties, and acted within that jurisdiction, then there is a period to the inquiry and an end to any further proceedings. (*People ex rel. Whitney* v. *Board of Delegates of San Francisco Fire Department*, 14 Cal. 479; *People* v. *Mayor of New York*, 2 Hill, 9.)

By the Court, SAWYER, J.

We are asked upon certiorari to review the action of the Board of Supervisors of Tehama County in denying a renewal of a ferry license to Finch, and in granting a license to one Harvey. The only question of which we can take cognizance is, whether the Board in the action taken exceeded its jurisdiction. The proceedings in the two applications of Finch and Harvey were separate (Finch's application having been first made and disposed of,) and they must be separately considered in their proper order. That the Board of Supervisors is a body with limited jurisdiction, and that its jurisdiction must appear in the record of its proceedings is not doubted. Jurisdiction over the subject matter is expressly conferred upon the Board of Supervisors by the second section of the Act of 1855. (Laws 1855, p. 183.) Finch gave the statu-

tory notice and filed his petition, in which he stated the grant-
ing of a license to him for the preceding year; that he had
" exercised said right by operating said ferry till the [then]
present time," and that he was " desirous of continuing to
operate said ferry," and thereupon asked a renewal of the
license.   On the first day of May, the day for which the applica-
tion was noticed, Harvey, who had also given notice of an appli-
cation for a license to run a ferry at the same point, appeared
before the Board to contest the application of Finch, and filed
a remonstrance, alleging, among other things, as objections to
the renewal of the license, that Finch had abandoned the ferry
in the preceding August, and that he had not kept said ferry
according to law.

The applicant, Finch, introduced testimony and rested.
The contestant, Harvey, then introduced the testimony of
several witnesses, and the applicant examined several others in
rebuttal.   After the testimony was closed the Board adjourned,
holding the matter under advisement till the next day, when
the application was denied.   The applicant moved to strike
out the objections of the contestant, Harvey, and opposed the
introduction of all the testimony offered by him substantially
on the ground that no citation had been issued to, or served
on the applicant, and he had no notice; and, also, that the
Board had no jurisdiction of that portion of the proceeding
taken under the objections of the contestant.

*Contest concerning a ferry license.*

The applicant, and not the contestant, was the *actor* in this
case.   He was applying for a new license, to commence on
the expiration of the term for which a license had already
been granted—not defending against a proceeding to revoke a
license instituted under the provisions of section twenty-four.
If he had kept the ferry " in accordance with law," and " in
all respects complied with the terms and requisitions of this
Act," section seven gave him a preference in an application
for a further license " over any party making original appli-
cation."   But his application for a renewal was a new pro-

ceeding, and it devolved upon him to show affirmatively all
the facts necessary to entitle him to preference. On a pro-
ceeding against him to revoke the existing license, undoubt-
edly, the party seeking the revocation would be called upon
to show that he had not kept his ferry as required by law,
because he would be the attacking party. The presumptions
would then be that the party resisting the proceeding had
performed his duty till the contrary should be shown. But
no such presumption exists in favor of a party who is seeking
a further privilege on the ground that he has faithfully dis-
charged his duty in respect to a privilege before granted.
The party seeking the right must affirmatively show all the
facts which are necessary to entitle him to the thing sought.
In this case the petition of Finch does not even distinctly
allege that he had kept his ferry " in accordance with law,"
but no point was made on this defect. He was the actor,
however, and not the defendant. The law required him to
give notice of his intended application. It is true no particular
mode is pointed out by which objections shall be made, nor is
it said who may object. But for what end is the notice
required, unless it be that objections may be made by any-
body who may be interested in defeating the application? If
a ferry is necessary for the convenience of the public, the pub-
lic convenience and the convenience of every man who has
occasion to use it require that it shall be kept in all respects
in a manner to render it most subservient to such public
convenience, and every man in the community is interested in
having the franchise conferred upon a proper person. It is
for this reason that a notice is required to be given of an
intended application for a ferry license, that any one interested
may have an opportunity to present any valid objection to
the application, or to the applicant. The notice is to every-
body, and calls upon any one who has a substantial objection
to appear and make it known. The contestant, then, was one
of the parties to be notified of the intended application ; and,
in response to the notice, he appeared on the appointed day,

and put his objection in a specific form in writing upon the records of the Board. And the objections, if well grounded, were such as would and should defeat the application. We think that the Board of Supervisors not only had jurisdiction to consider the objections and the evidence introduced upon the issues raised by them, but that it was its duty to do so.

It is true that in the final order, made after taking the matter under advisement, the Board do not specify the facts found from the testimony, but they rejected the application after a full and patient investigation of the issues presented. There was no arbitrary action. There was a petition and objections presenting material issues filed. Evidence was taken and the parties were heard in person and by counsel, and, after due deliberation, the Board were of the opinion that the applicant was not entitled to a renewal of the license, and it was therefore denied. This was a question which it had jurisdiction to determine. But, if we look into the record of the case, there is nothing, conceding the petition to be sufficient, after an issue was raised upon the petition by the objections filed, to show to this Court that the petitioner made out even a *prima facie* case, and the *onus* of proof, as we have seen, was on him. We think there was no excess of jurisdiction in denying the application of Finch.

The application of Finch having been rejected, the Board of Supervisors proceeded to take up and dispose of the independent application of Harvey, and a counter application made by one Ward, who contested Harvey's application. After having heard the testimony of the contesting parties, the Board awarded a license to Harvey. We are also called upon by Finch to review the action of the Board in this proceeding, on the ground that there was an excess of jurisdiction.

Finch's own application having been before rejected, it is not clear that he is in a position which entitles him to question the action of the Board in the proceeding on Harvey's application. His claim of precedence had been adjudged against him, and there was nothing in the way of granting a license to any suitable original applicant. He did not file any

objections, or in any manner make himself a party to the application of Harvey. Ward contested it, but Finch did not. What right has he to complain? But conceding his right to be heard, we find no excess of jurisdiction. This was not an application for the establishment of another ferry within a mile above or below a ferry already established and licensed under the provisions of section six. It was an application for license to run a ferry at a point where there had been a lawful ferry, after the license for such ferry should have expired—to run a ferry at a point where there was no ferry authorized to be run during the same term for which the application was made. It was not contemplated that there would be two ferries. This not being an application under section six, the notice required by that section was not required. Still, to obviate all doubts, a notice of the intended application was actually served on Finch; but he did not see fit to appear and contest it. The proper petition was filed and due notice given. The Board thereby acquired jurisdiction of the subject matter, and, upon a full investigation of the contest between Harvey and Ward, found all the necessary facts (which were recited in the order) in favor of Harvey, and awarded him the license.

We think the Board of Supervisors regularly pursued its authority in both cases. Its action is therefore affirmed.