[Sac. No. 561.   Department Two.—May 25. 1899.]

COUNTY OF COLUSA, Respondent, v. COUNTY OF GLENN, Appellant.

Taxes—Assessment of Railroads—Political Code—Constitutional Law.—Sections 3664 to 3669 of the Political Code, providing for the assessment of taxes upon railroads by the state board of equalization and for the apportionment of county taxes thereon to the respective counties traversed by each railroad assessed, are constitutional and valid.

Id.—Apportionment to County—Subsequent Division—Right to Unpaid Taxes—Assets not Divided.—The assessment and apportionment of county taxes made by the state board of equalization, in conformity with the Political Code, upon the portions of the railroad traversed by a given county in any year or years, accrues to such county, which is entitled to collect the same in a subsequent year, if unpaid; and a subsequent division of the county prior to payment thereof cannot affect the right of the original county thereto, if the legislature has made no division of assets or of any part of such taxes to the new county.

Id.—Reassessment by State Board—Jurisdiction.—The state board of equalization is a limited tribunal having limited jurisdiction, and has only such powers as are expressly conferred upon it by statute. It has no power to make a reassessment and reapportionment of taxes upon a railroad for previous years. if the taxes for such years were originally validly assessed and apportioned.

ID.—TAXES PAID TO NEW COUNTY AFTER REASSESSMENT—RECOVERY BY ORIGINAL COUNTY.—Taxes paid to a new county upon the portion of the railroad traversed by it, under a subsequent reassessment made by the state board of equalization for previous years, in which the new county had no existence, and in which the original assessment and apportionment of county taxes had been made to the original county, may be recovered from the new county by the original county, whether the reassessment for those years be regarded as valid or invalid, the new county having received the money knowing that it was paid for county taxes assessed for those previous years.

ID.—MONEY HAD AND RECEIVED—IMPLIED PROMISE.—Where money is received by one party which belongs to another, the law implies a promise on the part of the receiver to pay it over, and the party entitled to it may maintain an action for its recovery.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. Matt. F. Johnson, Judge.

The facts are stated in the opinion.

Benjamin F. Geis, District Attorney of Glenn County, and John T. Harrington, for Appellant.

Hiram Johnson, and Ernest Weyand, for Respondent.

COOPER, C.—Action to recover sixteen hundred and twenty-two dollars and seventy-two cents taxes assessed by plaintiff against the Northern Railway Company for the years 1886 and 1887, and which said sum was paid by said railway company to defendant in November, 1894. The case was submitted in the court below upon a stipulation as to the facts. Judgment was entered for plaintiff for the amount prayed. Defendant made a motion for a new trial, which was denied, and this appeal is from the judgment and order. The following is a portion of the stipulation:

"That in the years 1886 and 1887 the said Northern Railway Company was regularly assessed by the state board of equalization the amount of assessable property and the amount of taxes due from said Northern Railway Company, and the number of miles of track of said Northern Railway Company in said county of Colusa were determined and the whole thereof in said years 1886 and 1887 apportioned to plaintiff by said board

of equalization; that the various steps required by law were regularly taken in the matter of the assessment of the railway company, the said Northern Railway Company, and said assessments and taxes were made and levied in accordance with the constitution of the state of California and the provisions of the Political Code of said state, and said apportionment made by the said state board of equalization to the said county of Colusa regularly made in accordance with law; that the county clerk, auditor and board of supervisors of the county of Colusa during said years 1886 and 1887, and after the action of the said state board of equalization, did all things required of them by law in the matter of the assessment of the property of the said Northern Railway Company and levy of taxes due from it; that after the completion of all the necessary steps relating to the assessment and the levy of the property of and the taxes due from said Northern Railway Company, and the ascertainment of the amount due from said Company, the same was not paid, but all steps necessary to be taken and all requirements of law were done, performed and fulfilled."

It was further stipulated that the state board of equalization reassessed the property of said railway company for the years 1886 and 1887, and apportioned the amount in controversy to defendant, under an act of the legislature of the state of California entitled, "An act in relation to reassessments of property or equalization of the same and the collection of taxes thereon in cases where a former assessment made since 1879 is illegal or invalid, or where the proceedings for the collection of such taxes have been ineffectual by reason of error, irregularity or invalidity, and such taxes have not been paid," which act was approved March 23, 1893. (Stats. 1893, p. 290.) The case was here on a former appeal (*Colusa County v. Glenn County,* 117 Cal. 434), and on that appeal it appeared that the court below sustained a demurrer to the complaint, plaintiff declined to amend and judgment was entered for defendant. This court, after a full consideration of the case, held that the complaint stated a cause of action, that the demurrer should have been overruled, and reversed the case. On that appeal it was claimed that there was a reassessment of the property by the state board of equalization under the said act of March

23, 1893. The court held that the question was not then presented in such manner that it could be passed upon, and used this language: "Whether there was such reassessment, and whether if there was it would affect the right of the plaintiff to recover in this action, are questions that are not so presented as to require decision. If there was a reassessment, and if that fact relieves the defendant from liability, it is open to the defendant to plead it." Upon the case being remanded, the defendant accordingly filed an amended answer and pleaded in defense of the action a reassessment made by the state board of equalization in August, 1894. The law of the case was practically settled on the former appeal, except as to the effect of such reassessment by the said state board.

The principal question to be now determined by this court is as to whether or not the state board had jurisdiction to make the reassessment. The point is thus stated in appellant's brief: "If the state board had jurisdiction to make the reassessment the decision is erroneous." We will, therefore, first examine this question. The state board of equalization being a limited tribunal its jurisdiction is limited, and it possesses only such powers as are expressly conferred by statute, and none others. (*Finch v. Tehama Co.*, 29 Cal. 457; *County of Modoc v. Spencer*, 103 Cal. 498.)

Looking at the said act of March 23, 1893, for the power of the said state board we find that the portion of section 1 of said act applicable to this case reads as follows: "Every assessment of property made after the year 1879 which is invalid or may hereafter be adjudged to be by reason of any illegality, invalidity or irregularity declared or existing in the assessment of such property, or in the mode provided for the assessment thereof, shall be remade and the property reassessed and equalized for each year for which such assessment is invalid as aforesaid, and for the year for which the assessment of such property was invalid as aforesaid." It is therefore evident that the said state board had no power to reassess the property of the said Northern Railway Company for the years 1886 and 1887, unless said assessment for said years was invalid when said act took effect, or was thereafter adjudged to be so. The stipulation hereinbefore quoted shows that the assessment for

the years 1886 and 1887 was regularly made, and "That the various steps required by law were regularly taken in the matter of the assessment of the railway company." It is, therefore, admitted that the assessment of 1886 and 1887 was made strictly in compliance with the sections of the Political Code, 3664 to 3669, but it is claimed that the said sections of the Political Code are unconstitutional and invalid, and that this court so hold in *People v. Central Pacific R. R. Co.*, 83 Cal. 393. In the opinion in that case written by Mr. Justice Fox the court did apparently so hold, but the case is as to this point expressly overruled in *People v. Central Pacific R. R. Co.*, 105 Cal. 576, in an exhaustive opinion of the court in Bank delivered by Mr. Justice Harrison, in which the principal question was as to the validity of said sections of the Political Code, and they were held to be constitutional and valid. It was claimed that the case of *People v. Central Pacific R. R. Co.*, *supra*, had held said sections of the Political Code to be unconstitutional, but the court said: "There are matters in the opinion of Mr. Justice Fox in *People v. Central Pacific R. R. Co.*, *supra*, in support of the contention of the appellant, but after the court had decided that the complaint was insufficient in any aspect in which it might be reviewed, its further opinion of the effect of a complaint that would have sufficiently presented a cause of action must be regarded as *obiter dicta*." It follows that the state board of equalization had no jurisdiction to make the reassessment, and that the assessments of 1886 and 1887 were valid and made while all the territory now included in Glenn county was a part of the territory of plaintiff. The act creating the county of Glenn did not provide for any apportionment of the public property or of the debts or credits of Colusa county between it and the new county, and in such case the whole thereof belonged to Colusa county. (*Los Angeles County v. Orange County*, 97 Cal. 329; *County of Tulare v. County of Kings*, 117 Cal. 195; *Colusa County v. Glenn County*, 117 Cal. 438.) It is said by Mr. Justice Harrison, speaking for the court in *Los Angeles County v. Orange County*, *supra:* "In the absence of any provision in reference thereto (property and assets) the old county will be entitled to retain all public property and assets except such buildings and structures as lie within the limits of the new, and will also be liable for its prior obligations."

It follows that the money due Colusa county as taxes for the assessment of the years 1886 and 1887 was, at the time of the creation of Glenn county, assets of the plaintiff, and plaintiff has the right to recover it. It does not now occur to us why the plaintiff would not be entitled to the money due for taxes for said years, even if the assessments of 1886 and 1887 were void and it was collected by reassessment through the machinery of the act of March, 1893. If the law should provide a method of collecting a debt in a case where before there was no machinery for its collection, this would not change the title from the true owner of the debt to some one else. The debt when collected would be the property of the owner thereof. It is said that if the board of equalization had no jurisdiction to make the reassessment then the payment by the railroad company to defendant was a voluntary payment and in no way concerned the plaintiff. To this view we cannot accede. The stipulation of facts shows that the payment by the Northern Railway Company of the amount was for taxes due for the years 1886 and 1887 under the attempted reassessment. Defendant was not created, had no name or existence until March, 1891. We look in vain for any statute authorizing the defendant to collect a debt that had long been due to plaintiff at the time defendant came into existence. Defendant received the money, knowing that it was paid for taxes under the assessment of Colusa county for the years 1886 and 1887.

Where money is received by one and belongs to another, the law implies a promise on the part of the receiver to pay it over, and the party entitled to it may maintain an action for its recovery. (*District Township of Norway v. District Township of Clear Lake*, 11 Iowa, 506; *Bridges v. Board of Sup. of Sullivan Co.*, 92 N. Y. 570; *San Gabriel etc. Co. v. Witmer etc. Co.*, 96 Cal. 635)

We advise that the judgment and order be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFarland, J., Temple, J., Henshaw, J.