■ In the Matter of the Claim of ISABELLE G. BABKEES, Respondent-Appellant, against ELECTROLUX CORPORATION et al., Appellants, and ÆTNA LIFE INSURANCE COMPANY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision and award of the Workmen's Compensation Board, these appellants contending that the accident did not arise out of and in the course of the employment; and appeal by claimant, limited to the issue arising upon her contention that the board erred in failing to apportion her attorney's fee against the amount awarded in reimbursement of payments made by the disability benefits carrier. Following a surgical operation unrelated to the employment and after returning to her work as a comptometer operator, claimant had difficulty in walking and for that reason customarily remained at her desk after 5:00 P.M., when her working day ended, until about 6:00 P.M., when she would leave to be escorted to her home by her husband. She performed no work for the employer after 5 o'clock. The employer knew that on account of her disability she was accustomed to remain after hours and her supervisor testified that she was continued in her employment because

she had "more or less of a desk job" which did not require her to move about and that she was "particularly good at the position that she was doing" and he wanted to keep her on. In this situation the board found that claimant's remaining after hours constituted a benefit to the employer, apparently on the theory that otherwise the employer would have been deprived of the services of a valued employee. This finding was not, however, essential to the decision. The award is for injuries sustained when claimant left her desk at or shortly after 6:00 P.M. and fell after tripping over some loose wires which the board found had become displaced when the office was cleaned some 15 minutes before. We do not consider apt the analogy which the employer and carrier would draw as between this factual situation of an accident due to a danger of the premises, which the board found claimant was leaving with reasonable dispatch, and those where recoveries were denied because the injured employee was engaged in recreational or other purely personal pursuits (*Matter of Congdon* v. *Klett*, 307 N. Y. 218; *Matter of Davis* v. *Newsweek Mag.*, 305 N. Y. 20) or because the injuries sustained after working hours resulted from merely permissive residence on the employer's premises (*Matter of McQuivey* v. *International Ry. Co.*, 210 App. Div. 507; 1 Larson on Workmen's Compensation Law, § 24. 40). Neither do we find applicable *Matter of Dearing* v. *Union Free School* (*Tonawanda*) (297 N. Y. 886) where the board's finding was against the claimant and the Court of Appeals held merely that there was substantial evidence to support it. We do find in point *Matter of Leatham* v. *Thurston & Braidich* (264 App. Div. 449, 451, affd. 289 N. Y. 804) where the claimant was injured when about to enter his employer's premises 45 minutes before the working day commenced. In affirming an award, this court said: " 'The employment is not limited to the exact moment when the workman reaches the place where he begins his work, or to the moment when he ceases that work. It necessarily includes a reasonable amount of time and space before and after ceasing actual employment, having in mind all the circumstances connected with the accident.' (*Jeffries* v. *Pitnam-Moore Co.*, 83 Ind. App. 159; 147 N. E. 919.)" (See, also, *Matter of Marco* v. *News Syndicate Co.*, 257 App. Div. 887, holding that the question whether the injured employee loitered after completing his work was for the board's determination.) Here, the board properly found that the accident occurred as claimant was engaged in leaving the premises with reasonable dispatch. We find no merit in claimant's appeal. The claimant's attorney is not entitled to have the disability benefits carrier bear any part of his fee. Claimant mistakenly relies upon *Matter of Klag* v. *Drug & Chem. Club* (305 N. Y. 900) which dealt only with the question arising upon a board decision which gave precedence to the lien of the disability benefits carrier over that of the attorney when the amount of the award was insufficient to cover both. Thus claimant would have been compelled to pay the attorney from his own funds, with the result that the carrier would have been "given reimbursement in a greater amount than the net proceeds" to which the lien provided by the statute was applicable. Here, the proceeds remaining after payment of the attorney's fee exceed the disability benefits carrier's lien and no question of priority arises. Decision and award affirmed, with costs to respondent Workmen's Compensation Board against appellants employer and carrier. Foster, P. J., Coon, Halpern and Gibson, JJ., concur.