Leona TRAVIS, Petitioner,

v.

**OKLAHOMA CITY LINEN SERVICE, Liberty Mutual Insurance Company, and State Industrial Court, Respondents.**

No. 39374.

Supreme Court of Oklahoma.
April 11, 1961.

John H. Kennedy, Oklahoma City, for petitioner.

Rhodes, Crowe, Hieronymus & Holloway, by A. G. Crowe, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM.

On the 27th day of February, 1960, Leona Travis, hereinafter called claimant, filed her first notice of injury and claim for compensation stating that while employed by Oklahoma City Linen Service she sustained an accidental injury arising out of her employment, on January 21, 1960. An award was denied by the State Industrial Court, and this proceeding is brought by claimant against employer and its insurance carrier, Liberty Mutual Insurance Company, hereinafter called respondents, to review the order denying the award.

Claimant was employed as an ironer of flat work in the laundry operated by the employer. She rode to work in an automobile driven by her daughter, who also worked in the laundry. The daughter commenced work at 7 a. m., and, since claimant used the automobile driven by her daughter as her means of conveyance, claimant normally arrived at the laundry early and was in its workroom from 7 a. m., until 8 a. m., when her regularly assigned duties began. On the above-mentioned day claimant and her daughter arrived a few minutes before 7 a. m., and reached the workroom, where claimant slipped in a puddle of water and fell to the floor in a sitting position. Claimant testified that, during the hour from 7 to 8 a. m., she worked helping a fellow employee fold clothes, but this was denied by the laundry's superintendent; and part of claimant's daughter's testimony was as follows:

"Q. What was the custom about the employees reporting in to work early out there? A. Well, most of them report early because they have to go in and raise some of the boxes.

"Q. Did the people, the employers out there, know that people would come in early like that? A. Yes, sir.

"Q. You heard these witnesses testify that forty people were there and about twenty of them were working at that time? A. Yes, sir.

\* \* \* \* \* \*

"Q. Did you work in the same room as your mother? A. Yes, sir.

"Q. And just state what your mother did do from 7:00 until 8:00 out there? A. Well, she would help this other woman fold, *sometimes*.

"Q. And what would the others do? A. Go to the bathroom sometimes, and talk some. \* \* \*." (Emphasis ours).

The cause and extent of the disability are not issues in this case.

In two separate propositions claimant raises the single issue that the State Indus-

trial Court erred as a matter of law in determining that the accidental injury did not arise out of and in the course of employment. Since this is the decisive issue presented, it will be unnecessary to consider the third proposition as to the liability of the respondents for medical service.

Claimant relies on Nelson Electric Mfg. Co. v. Shatwell, 203 Okl. 417, 22 P.2d 750. Therein claimant arrived at the plant fifteen minutes early and climbed over a fence and was injured when he fell. He stated that it was a custom of the employees to come a little early in order to change clothes for work. An award for claimant was sustained. In Standard Paving Co. v. Newman, 194 Okl. 166, 147 P.2d 983, claimant, within the period necessary to reach his employment in time, was injured on a roadway held to be under the control of the employer; and an award for claimant was sustained. In Babkees v. Electrolux Corp., 4 A.D.2d 710, 163 N.Y.S.2d 809, an award was affirmed where claimant waited for an hour after work for her husband to take her home. Therein it is stated the employer consented to this arrangement because he especially desired her services since, although a handicapped person, she was specially skilled in her work, and her only means of conveyance was the automobile operated by her husband. The other cases cited by claimant can likewise be distinguished.

In Standish Pipe Line Co. v. Johnson, 197 Okl. 238, 169 P.2d 1018, it is stated:

"* * * petitioner contends that the evidence was wholly insufficient to sustain the award made by the Commission and that under the rule announced in McKeever Drilling Co. v. Egbert, 170 Okl. 259, 40 P.2d 32, and Cardwell Mfg. Co. v. Thomas, 192 Okl. 143, 134 P.2d 562, whether claimant received an accidental injury is a jurisdictional question, and that in passing upon it this court will weigh the evidence and determine that question independently of the finding by the State Industrial Commission.

"The true rule was expressed by this court in Oklahoma Gas & Electric Co. v. Santino, 158 Okl. 70, 12 P.2d 221, as follows:

" 'The question of whether an injury arose out of and in the course of employment is one of fact to be determined by the Industrial Commission under the circumstances of each particular case, and, where there is any testimony reasonably tending to support its finding, it will not be disturbed on an application to vacate the award.' "

In all the cases examined approving awards for claimants, the accidental injury occurred within a reasonable time before the work began or after it ended (see Nelson Electric Mfg. Co. v. Shatwell, supra, and Greenway v. National Gypsum Co., Okl., 296 P.2d 971), or there had been some special benefit to the employer which caused him to acquiesce in the unusual delay, as in Babkees v. Electrolux Corp., supra. Cases have been annotated at 82 A.L.R. 1043 and 7 A.L.R. 1078. See also R. J. Allison, Inc. v. Boling, 192 Okl. 213, 134 P.2d 980, 982. Few cases have been found involving employees who came to work early. A number have been cited involving employees who were injured after the termination of the day's work. See Nicholson v. Industrial Comm., 76 Ariz. 105, 259 P.2d 547, and McCampbell v. Benevolent & Protective Order of Elks, 71 Ariz. 244, 226 P.2d 147, 153. In the latter case it is stated:

"* * * It is our duty to consider the evidence in the light most favorable to sustain the findings and award of the Industrial Commission. * * *"

The case under consideration is unusual in respect to the time between the arrival of claimant and the hour of commencing her work. We have found no case in which the employee arrived an hour early. The State Industrial Court was authorized to find that this was not a reasonable time and that the mere consent of the employer to claimant's presence on the premises an hour before time to commence work was without legal significance. The

employer obtained no advantage in her early presence, and, although she testified that she helped a fellow employee fold clothes during this hour, the superintendent of the employer denied this and stated that she had no duties to perform until 8 o'clock a. m. On the basis of the record, we must conclude that, if she did so, it was a voluntary and unrelated act, or that the trial judge found on the conflict of testimony, that it did not happen.

There is competent evidence reasonably tending to support the finding of the State Industrial Court that the accidental injury did not arise out of and in the course of the employment.

Order sustained.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and HALLEY, JACKSON and IRWIN, JJ., concur.

JOHNSON and BERRY, JJ., dissent.