■      In the Matter of the Claim of JOSEPH BRUNI, Respondent, v. INTERNATIONAL TERMINAL OPERATING CO., INC., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. Appeal by the self-insured employer from a decision of the Workmen's Compensation Board which affirmed an award for compensation to the claimant. The claimant, a stevedore's checker, while in the course of his employment, fell and sustained injuries. The appellant argues that the board erred in applying the presumption of accidental injury created by subdivision 1 of section 21 of the Workmen's Compensation Law. This statute provides: " In any proceeding for the enforcement of a claim for compensation under this chapter, it shall be presumed in the absence of substantial evidence to the contrary 1. That the claim comes within the provisions of this chapter ". The appellant contends first that there was a witness to the accident and, therefore, the presumption cannot apply. In *Matter of Brasch* v. *Investors Funding Corp.* (23 A D 2d 918, 919, mot. for lv. to app. den. 16 N Y 2d 483) the court said that " an accident which is unexplained, although witnessed, is the equivalent of an unwitnessed accident ". (See, also, *Matter of Moraes* v. *National Biscuit Co.*, 2 A D 2d 619, mot. for lv. to app. den. 2 N Y 2d 705.) In the present case the " witness " was unable to say whether or not there was any reason for the claimant's fall or if the claimant did not in fact trip or fall because of some physical contact with another object. Accordingly, the witness could offer no explanation of the fall and his testimony does not rebut the presumption of accident. The fact that the claimant testified that he did not know the cause of his fall does not, without more, overcome the presumption. (*Matter of Hoffman* v. *New York Cent. R. R. Co.*, 290 N. Y. 277.) The appellant further contends that the presumption of accident is overcome because of certain other evidence. This evidence is all equivocal, but the board was not required to accept, as appellant contends, its tenuous proof and inferences or to find as unsubstantial the proof of claimant and refuse to apply the presumption. The board had the right to reject evidence which was not clearly directed at the issue of accident and, accordingly, the presumption of accident

is applicable. Decision affirmed, with one bill of costs to respondents filing briefs. Gibson, P. J., Reynolds and Staley, Jr., JJ., concur; Taylor, J., not voting.