In the Matter of the Claim of ANNA COLE, Respondent, v. MACCLEAN SERVICE CO., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. — Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed July 22, 1971. Claimant, employed as a matron in an office building, was required to have her lunch on the premises in an unventilated room described as a locker room. The door of this room opened into a garage area. On October 15, 1970 claimant fainted at the employer's premises and fell to the floor and incurred a fractured left shoulder. Claimant testified that she had gone to the locker room for lunch and, after being there for a short time, she felt stuffy and dizzy whereupon she left the room to go to an upper floor for air and along the way she passed out. There was also testimony that fumes from automobiles in the garage area permeated the area. The employer produced evidence that the accident occurred on the third day after claimant's return to work following ear surgery. Claimant's hospital record concerning the shoulder injury contained a notation that claimant was taking medication for an ear infection. The board determined that "claimant fainted and fell sustaining an injury to her left shoulder while at work and that the carrier had failed to produce medical proof to explain the etiology of the dizzy spell that caused claimant to faint and fall and has therefore failed to overcome the presumptions of section 21 of the law." Thereafter, appellants sought a rehearing on the question of the applicability of section 21 based upon hospital records indicating that claimant had undergone further ear surgery on August 9, 1971, and their assertion that it was the ear condition which caused the fainting spell and fall on October 15, 1970. The board denied a rehearing. The record here shows merely the fall in the course of employment; pre-existing ear surgery and subsequent ear surgery ten months after the fall. There is no medical evidence on behalf of the appellants indicating that the fall was in any way caused by the physical condition of the claimant. Under the circumstances, the accident is entitled to the presumptions contained in section 21 of the Workmen's Compensation Law. (*Matter of Mitskevich* v. *Grumman Aircraft Eng. Corp.,* 27 A D 2d 867; *Matter of Heck* v. *Hilton Hotels Corp.,* 12 A D 2d 672.) The appellants' request for a rehearing being founded only upon a hospital record and no medical evidence that the claimant's fall was, in fact, idiopathic in origin, the board did not abuse its discretion in denying the rehearing. The subsequent hospital record in and of itself was not sufficient to establish that the fall some ten months earlier was caused by the ear condition. The board's decision was based on substantial

evidence and its refusal to reopen was neither arbitrary nor capricious. (*Matter of Dudley* v. *Brown, Harris & Stevens,* 35 A D 2d 1040.) Decision affirmed, with costs to the Workmen's Compensation Board. Staley, Jr., J. P., Greenblott, Cooke, Sweeney and Main, JJ., concur.