■    In the Matter of the Claim of JOYCE H. VAN HORN, Appellant, v RED HOOK CENTRAL SCHOOL et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed February 23, 1979, which disallowed a claim for compensation on the basis that claimant had not suffered an accident arising out of and in the course of her employment. The facts of this case are not in dispute. Claimant was a schoolteacher who was monitoring a classroom study hall. After opening a window in the classroom, she fell as she attempted to turn around and walk away from the window and sustained a fracture of her right femur. Claimant was the only individual to testify at the hearing and stated that although the fall was not the result of a dizzy spell, she did not know what caused it other than the fact that her feet were crossed. The board affirmed the Administrative Law Judge's decision denying the claim for compensation, holding that since there was nothing from claimant's employment which caused her to fall, the accident did not arise out of and in the course of her employment. This appeal ensued. An employer is required to pay compensation to employees for disability from injuries "arising out of and in the course of the employment without regard to fault as a cause of the injury", with two exceptions not relevant to this appeal (Workers' Compensation Law, § 10). Since the injury suffered by claimant occurred while she was on duty in the place of her employment doing work which was within her sphere of responsibility, it was clearly "in the course of" her employment *(Matter of Malacarne v City of Yonkers Parking Auth.,* 41 NY2d 189, 193; *Matter of Kaylor v 133 80th St. Corp.,* 43 AD2d 999). Furthermore, accidents arising "in the course of" one's employment are presumed to have arisen "out of" such employment *(Matter of Malacarne v City of Yonkers Parking Auth., supra)* and such a presumption can only be rebutted by substantial evidence to the contrary (Workers' Compensation Law, § 21; *Matter of Slade v Perkins,* 33 NY2d 988). Where, as here, claimant submits proof that an accident has occurred, that it occurred in the course of her employment and offers some explanation as to how the accident happened, the claimant's failure to precisely state the cause of the accident does not prevent the presumption from being invoked *(Matter of Hoffman v New York Cent. R. R. Co.,* 290 NY 277, 279; 1 Larson, Workmen's Compensation Law, § 10.33 [b]). Since the employer and its carrier submitted no evidence to rebut the presumption, claimant's accident must, as a matter of law, be deemed to have arisen "out of" her employment. Cases such as *Matter of Kaplan v Zodiac Watch Co.* (20 NY2d 537) and *Matter of Walsh v Sucrest Corp.* (37 AD2d 321), cited by the employer and its carrier for the proposition that accidents attributable solely to an employee's personal acts are not compensable, are easily distinguishable from the instant factual pattern since those cases involved accidents occurring outside the work site. Decision reversed, with costs to claimant against the employer and its insurance carrier, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent herewith. Mahoney, P. J., Greenblott, Sweeney, Kane and Casey, JJ., concur.