■ In the Matter of the Claim of JOSEPH GRIMALDI, Respondent, v SHOP RITE BIG V et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed September 17, 1981, which ruled that claimant sustained an accidental injury in the course of his employment and awarded benefits. On August 23, 1978, claimant, an 18-year-old stock clerk at a supermarket, finished work at 11:00 P.M. Just after he punched out on the time clock, his supervisor called him over to talk briefly. Claimant then started to walk away, but staggered and fell, striking his head on the floor. He suffered a concussion, a cut on his chin, and two broken teeth. Claimant testified that he didn't remember anything about the fall itself and almost nothing until he woke up in the hospital the next day. His supervisor, who saw the fall, could offer no explanation for it. The physician who attended him in the hospital described the fall as a "syncope[*] episode of unknown etiology". The board found claimant's injury compensable, as an accident arising out of and in the course of employment. The employer and its insurance carrier have appealed, contending that the cause of claimant's fall was idiopathic and that there is no evidence in the record that claimant's injuries were causally related to or arose out of his employment. There is a two-part test for an award of compensation: the injuries must arise out of and in the course of employment (Workers' Compensation Law, § 10). The course of employment has been held to include a reasonable amount of time for the employee to leave the employer's premises after ceasing actual work (*Matter of McGrath v Chautauqua County Home,* 31 AD2d 557; *Matter of Babkees v Electrolux Corp.,* 4 AD2d 710). Claimant's fall occurred as he started to walk away after he had punched out and had been stopped momentarily by his supervisor; clearly his fall took place in the course of his employment. The establishment that the fall was in the course of his employment raises the presumption under section 21 of the Workers' Compensation Law that, in the absence of substantial evidence to the contrary, it also arose out of the employment (*Matter of Van Horn v Red Hook Cent. School,* 75 AD2d 699). The board found no substantial evidence to overcome the statutory presumption. We have held the presumption to be unrebutted in similar cases where a sudden unexplained fall occurred in the presence of other witnesses (*Matter of Musicus v Broadway Pastry Shop,* 81 AD2d 723; *Matter of Van Horn v Red Hook Cent. School, supra; Matter of Bruni v International Term. Operating Co.,* 26 AD2d 887) and where, despite similar contentions that the cause of the fainting episode was an idiopathic condition, the carrier had failed to produce medical proof to explain the etiology of the dizzy spell that caused claimant to faint and fall (*Matter of Cole v MacClean Serv. Co.,* 41 AD2d 871). Decision affirmed, with costs to the Workers' Compensation Board. Kane, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.

---

[*] "Syncope" means "a fainting, swooning, or loss of consciousness, caused by a temporary deficiency of blood supply to the brain" (Webster's Unabridged Dictionary [2d ed], p 1850).