■ In the Matter of the Claim of CATHERINE THOMPSON, Respondent, v NEW YORK TELEPHONE COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Main, J. Appeal from a decision of the Workers' Compensation Board, filed July 25, 1984, which ruled that claimant sustained a compensable injury and awarded benefits.

On June 14, 1983, at some time between 4:30 P.M. and 5:00 P.M., claimant, a chauffeur's helper, was descending a flight of stairs between the first and second floors of her employer's premises. She had changed her clothes in a locker area on the second floor and was going to the first floor in order to exit the building at 5:00 P.M., which was the end of her workday. Before she reached the first floor, however, claimant felt her right knee "pop". She was subsequently diagnosed as having a torn medial meniscus. The Workers' Compensation Board found claimant's injury compensable as an accident arising out of and in the course of employment. The employer has appealed, arguing that the injury was not compensable because claimant failed to show that she was engaged in actual labor at the time of the accident or that the injury was connected to her employment. We disagree.

For an injury to be compensable under the Workers' Compensation Law, it must have arisen both out of and in the course of employment (Workers' Compensation Law § 10). The course of employment includes a reasonable amount of time for the employee to leave his or her place of employment after ceasing actual work *(see, Matter of Grimaldi v Shop Rite Big V,* 90 AD2d 608). Here, claimant's knee injury occurred during her working hours as she was exiting her employer's premises. This clearly was an injury in the course of claimant's employment *(see, supra).* As for whether the injury was one arising out of her employment, it is well settled that accidents arising

in the course of employment are presumed to have arisen out of such employment, and this presumption can only be rebutted by substantial evidence to the contrary (Workers' Compensation Law § 21; *Matter of Van Horn v Red Hook Cent. School,* 75 AD2d 699). Since the employer here presented no evidence to rebut this presumption, claimant's injury must, as a matter of law, be deemed to have arisen out of her employment. The Board's decision must, therefore, be affirmed.

Decision affirmed, with costs to the Workers' Compensation Board. Kane, J. P., Main, Weiss, Yesawich, Jr., and Harvey, JJ., concur.