■ In the Matter of the Claim of DANIEL TORIO, Respondent, v FISHER BODY DIVISION—GENERAL MOTORS CORPORATION, Appellant. WORKERS' COMPENSATION BOARD, Respondent. —Levine, J. Appeal from a decision of the Workers' Compensation Board, filed January 9, 1985, as amended by decision filed May 21, 1985, which ruled that claimant sustained an accidental injury in the course of his employment and awarded benefits.

Claimant filed a claim for workers' compensation benefits arising out of an injury he sustained when his knee popped out of joint. At his hearing before the Administrative Law Judge (ALJ), claimant testified that he entered the premises of

his employer shortly before he was scheduled to report for work and joined other employees in an area containing picnic tables and a grassy knoll which was provided by the employer. He stated that he sat cross-legged on the grass for several minutes, and when he stood up to report for his shift, his left knee popped out of joint and he lost his balance, thereby sustaining an injury to his knee. The ALJ denied his claim on the ground that claimant did not sustain an injury arising out of and in the course of his employment. The Workers' Compensation Board reversed and determined that a compensable injury had occurred. This appeal by the employer ensued.

The employer contends that claimant is not entitled to workers' compensation benefits because he was engaged in a personal pursuit and had not yet started his work when his knee popped out. We disagree. For an injury to be compensable under the Workers' Compensation Law, it must have arisen both out of and in the course of employment (Workers' Compensation Law § 10). Contrary to the employer's assertions, the course of employment is not limited to the exact time when an employee commences his duties. Rather, it encompasses a reasonable amount of time for the employee to enter his place of employment prior to the beginning of his shift (Matter of Babkees v Electrolux Corp., 4 AD2d 710, 711, lv denied 3 NY2d 708; Matter of Leatham v Thurston & Braidich, 264 App Div 449, 451, affd 289 NY 804).

Here, claimant's knee injury occurred while he was on the employer's premises, immediately prior to the time he was required to commence work and while he was getting up to report for duty. Accordingly, he was in the course of his employment when the injury occurred (see, Matter of Thompson v New York Tel. Co., 114 AD2d 639; Matter of Gardeski v Dynamic Auto Body, 103 AD2d 889).

Moreover, accidents arising in the course of employment are also presumed to have arisen out of such employment, and this presumption can only be rebutted by substantial evidence to the contrary (Workers' Compensation Law § 21; Matter of Van Horn v Red Hook Cent. School, 75 AD2d 699). The employer here has failed to introduce any evidence concerning the cause of claimant's injuries beyond conclusory allegations to the effect that it was attributable to claimant's personal activities. However, claimant was sitting in an area which employees were invited to use by the employer and he sustained his injury when he arose for the specific purpose of reporting for work. Therefore, it cannot be said that, as a matter of law, his injury was attributable solely to his per-

sonal acts and was unrelated to his employment *(see, Matter of Van Horn v Red Hook Cent. School, supra; cf. Matter of Schultz v Nation Assoc.,* 281 App Div 915). Thus, the statutory presumption was not rebutted and the Board's decision awarding benefits to claimant should be affirmed.

Decision affirmed, with costs to the Workers' Compensation Board. Kane, J. P., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.