■ In the Matter of the Claim of KATHLEEN KEEVINS, Appellant, v FARMINGDALE UFSD et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [759 NYS2d 213] —Kane, J. Appeal from a decision of the Workers' Compensation Board, filed January 30, 2002, which ruled that claimant did not sustain a compensable injury.

Claimant, a teacher for an in-school suspension program, was walking around her desk after retrieving materials for a student when she twisted her knee. This injury resulted in medical treatment and a workers' compensation claim. Following hearings at which claimant testified and the workers' compensation carrier submitted no evidence, a Workers' Compensation Law Judge concluded that claimant sustained a work-related injury to her right knee. On appeal, the Workers' Compensation Board determined that the injury was not compensable because it did not result from an accident nor did it arise out of claimant's employment. This appeal ensued.

"For an injury to be compensable under the Workers'

Compensation Law, it must have arisen both out of and in the course of employment" (*Matter of Thompson v New York Tel. Co.*, 114 AD2d 639, 639 [1985]; *see* Workers' Compensation Law § 10). The Board ruled that as the injury occurred while claimant was on duty at her place of employment, "it was clearly 'in the course of her employment.'" Accidents arising "in the course of" employment are presumed to arise "out of" such employment, and this presumption can only be rebutted by substantial evidence to the contrary (*see* Workers' Compensation Law § 21; *Matter of Van Horn v Red Hook Cent. School*, 75 AD2d 699 [1980]).

A claimant is not required to prove that something directly related to job duties caused the injury (*see e.g. Matter of Scalzo v St. Joseph's Hosp.*, 297 AD2d 883 [2002] [injury resulted from "workplace accident" where the claimant injured back quickly rising from office chair]; *Matter of Torio v Fisher Body Div.—General Motors Corp.*, 119 AD2d 955 [1986] [compensable injury where the claimant's knee popped out of joint as he rose from cross-legged position on employer's lawn minutes before work]; *Matter of Thompson v New York Tel. Co., supra* [injury arose "out of" employment where knee popped as the claimant descended employer's stairway]). In *Matter of Van Horn v Red Hook Cent. School (supra)*, cited by the Board, a teacher fell while walking across her classroom. We find the facts in *Van Horn* indistinguishable from the matter before us. In both cases, the employer failed to present any proof to overcome the Workers' Compensation Law § 21 presumption that claimant's accidental injury arose out of employment. Thus, the Board's decision must be reversed.

Cardona, P.J., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.