■ In the Matter of the Claim of FRED WICHTENDAHL, Respondent, v ARROW BUS LINE et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [761 NYS2d 718] —Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed May 8, 2001, which, inter alia, ruled that claimant sustained a compensable injury.

Claimant, a bus driver, suffered a heart attack on December 11, 1999 while driving on the Thruway to New York City. The bus came to a stop after claimant applied the brakes and struck a guardrail. With the exception of hearing the sound of wind, claimant had no recollection of the events preceding the accident. He was immediately taken to the hospital where he was diagnosed with acute myocardial infarction. Thereafter, a workers' compensation claim was filed with respect to claimant's injury, which was controverted by the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer). Following two hearings, a Workers' Compensation Law Judge found the presumption of compensability contained in Workers' Compensation Law § 21 applicable, established the case for accident, notice and causal relationship and made an award of benefits. The Workers' Compensation Board affirmed the Workers' Compensation Law Judge's decisions, resulting in this appeal.

The employer asserts that the Board erroneously applied the presumption of compensability contained in Workers' Compensation Law § 21 (1) to find claimant eligible for benefits because there was no medical evidence of a causal relationship between his myocardial infarction and his employment. Initially, we

note that " '[f]or an injury to be compensable under the Workers' Compensation Law, it must have arisen both out of and in the course of employment' " (*Matter of Keevins v Farmingdale UFSD*, 304 AD2d 1013, 1013-1014 [2003], quoting *Matter of Thompson v New York Tel. Co.*, 114 AD2d 639, 639 [1985]). Unexplained or unwitnessed accidents which occur in the course of employment are presumed, pursuant to Workers' Compensation Law § 21 (1), to arise out of such employment (*see Matter of Keevins v Farmingdale UFSD, supra* at 1013-1014; *Matter of Cartwright v Onondaga News Agency*, 283 AD2d 837, 837-838 [2001]; *Matter of Iacovelli v New York Times Co.*, 124 AD2d 324, 325 [1986]). "To rebut this presumption, an employer must present substantial evidence to the contrary which, as a matter of law, precludes the Board from crediting any explanation of the accident except that offered by the employer" (*Matter of Iacovelli v New York Times Co., supra* at 325-326 [citations omitted]; *see Matter of Keevins v Farmingdale UFSD, supra* at 1013-1014).

Here, neither the hospital report nor the C-2 forms submitted in support of the claim indicate what precipitated claimant's myocardial infarction. At the time of his hospital admission, claimant related that he could not recall whether he experienced chest pain, headache or dizziness prior to the accident. Moreover, claimant did not testify that he was under any particular job-related stress at the time of the accident. The employer submitted a cardiology report which disclosed, based upon the history taken from claimant, that he did not experience any unusual physical or emotional stress leading up to the accident. This report, however, revealed that claimant suffered from significant preexisting coronary artery disease and opined that his myocardial infarction was causally related to this condition, not his work activities. Inasmuch as the employer successfully rebutted the presumption of compensability contained in Workers' Compensation Law § 21 (1) (*see Matter of Wilson v Reddy Constr. Co.*, 272 AD2d 806 [2000], *lv denied, lv dismissed* 95 NY2d 875 [2000]; *cf. Matter of Barrington v Hudson Val. Fruit Juice*, 297 AD2d 886 [2002]; *Matter of Cartwright v Onondaga News Agency, supra*), and absent any proof in the record of a causal relationship between claimant's myocardial infarction and his employment, we find that the Board's decision is not supported by substantial evidence and must be reversed.

Mercure, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.