■ In the Matter of the Claim of ANNA DILLON, Respondent, against LE ROY MACHINE CO., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by the employer and its carrier from a decision and award of the Workmen's Compensation Board. The claim here involved was filed by the widow and two minor children of the decedent Leslie Dillon who died on October 29, 1954. On October 28, 1954 while the decedent was working for the Le Roy Machine Co., Inc., he suffered the alleged accident which resulted in his death. The decedent had been talking to some fellow workmen and he left them and walked toward a truck which he had shortly before parked there. The next thing that anyone saw was the decedent falling to the ground with his hands over his head at a spot about 10 feet from the rear wheel of the truck. The claimants allege that the decedent fell from the truck but no one saw him get on the truck and there was testimony that he had no reason to get on the truck. When he was seen falling his feet were on the ground and he was falling over backwards. There was testimony that the rear wheels and hub cap over which a person would climb to get on the truck were muddy and that when examined by coworkers there was no indication that the decedent had tried to climb on the truck. The only evidence to indicate that the decedent fell off the truck appeared in the report of the attending physician, Dr. Andaloro, and it stated that he had been told this by coworkers of the decedent. On examination he stated that one of the workers' names was Mancuso and Mr. Mancuso testified that he had not seen the decedent on the truck. The other workers who had been present testified in a similar manner before the referee. A description of the accident similiar to the one given in Dr. Andaloro's report was found in another doctor's report and in the hospital records but it could not be established where these accounts of the accident came from. It appears that they originated from the report of Dr. Andaloro mentioned above. The medical testimony as was recognized by the referee clearly supported the theory that the decedent had suffered a stroke and as a result had fallen sustaining a secondary injury. The referee, however, allowed the claim based on the circumstances under which the decedent had been rehired in 1952. A Dr. Hare testified that he had then examined the decedent and found him unfit to be hired because he was overweight, had excessive hypertension, arteriosclerosis and was an alcoholic. The board rescinded the award to take the testimony of Dr. Andaloro. It then found that the issue was whether the fall and death was caused by pre-existing conditions or if the fall from the truck caused the death and it reinstated and affirmed the referee's decision saying the presumptions under section 21 of the Workmen's Compensation Law had not been overcome by substantial evidence. The appellants contend that the evidence shows the decedent did not fall from a truck but that he suffered a stroke followed by a fall and that injuries resulting from such seizure which was unrelated to the employment are not compensable. The respondent maintains that the evidence established that the decedent did fall from the truck in view of the presumption of subdivision 5 of section 21 as to medical reports, that the death was caused by the fractured skull sustained in the fall and that even if he did not fall off the truck the decedent was on an incline when he fell and he was therefore in a zone of special danger and the accident was compensable. Subdivision 5 of section 21 states that the contents of medical reports introduced by claimants shall constitute prima facie evidence of fact as to the matter contained therein. This presumption can only be utilized when there is no substantial evidence to the contrary. The respondent argues that therefore the medical reports involved

here which state that the decedent fell from a truck have established this fact. It does not seem that the presumption can be applied here. The report of Dr. Andaloro, upon which the other reports appear to be based, states that the information was given by coworkers. These coworkers have themselves testified and none said they had told the doctor this. They also stated they had not seen the decedent on the truck but rather that he was about 10 feet from the truck when he fell. This is certainly substantial evidence to the contrary and inasmuch as the medical reports were the only evidence that the decedent had fallen from the truck, the finding of the board that the decedent fell from the truck is not supported by the record. We are then, faced with a situation in which the decedent suffered a stroke while standing on the ground and fell to the ground fracturing his skull. There is no evidence that there was any unusual exertion or strain by the decedent on the day in question so that this case does not come within the rule of *Matter of Masse* v. *Robinson Co.* (301 N. Y. 34). There was medical testimony that the fractured skull as well as the stroke contributed to the decedent's death. This, however, does not make it a compensable accident as was pointed out by this court in *Matter of Goldman* v. *Bondson Press* ( 1 A D 2d 706) : " On the other hand, there was medical testimony that he was still alive at the time he sustained the skull fracture and that the fracture was a contributing cause of his death. In this situation, we conclude that there was sufficient evidence to sustain the board's finding of a causal connection between the fracture and the decedent's death. However, this does not dispose of the question of whether the decedent had suffered a compensable accident. There was no claim upon the hearings and there was no finding by the board that the heart attack suffered by the decedent had been brought on by undue strain or overexertion and that the attack of itself constituted an industrial accident. In these circumstances, if the decedent fell directly to the floor as the result of the heart attack, there was no compensable accident, since no added risk attributable to the employment was involved." The respondent relies on the presumption under section 21 that the claim comes within the provisions of the Workmen's Compensation Law. The presumption is clearly overcome here by substantial evidence in the form of medical testimony which demonstrated that the decedent suffered a stroke and then fell and fractured his skull. This presumption is a limited one and it cannot be used as a substitute for actual proof which is present here. (*Matter of McCormack* v. *National City Bank,* 303 N. Y. 5.) The respondent further contends that even though decedent was on the ground he was on an incline and he was therefore placed in a zone of special danger by the conditions of his employment. The only evidence of such a situation comes from the testimony of a worker at the plant who said, " There is an incline, and he was gone backwards toward that." This is the only indication that the ground where the decedent fell was not level and nothing further was said about it. None of the other workers mentioned it and from the photograph of the scene of the accident the ground in the area appears to be fairly level. This argument by the respondent is based on a single statement which has no substantiation in the other evidence in the record and it is clear that the decedent's employment had not placed him in a zone of special danger. Decision and award reversed and claim dismissed, without costs. Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ., concur.