■ In the Matter of the Claim of AUGUSTA HECK, Respondent, v. HILTON HOTELS CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant fell while working as a hotel chambermaid and was injured. There is no proof of any pre-existing physical condition which would cause the fall; nor was claimant able to relate what caused it. The record shows merely the fall in the course of employment; and since it was not demonstrated by the appellant that it was idiopathic and caused in any part by the physical condition of the claimant (*Matter of McCormack* v. *National City Bank,* 303 N. Y. 5), the accident is entitled to the presumption of the statute (Workmen's Compensation Law, § 21, subd. 1). The case, including the employer's report of injury, which inferentially seems to report an "accident", is quite similar to that considered in *Matter of Hoffman* v. *Grain Handling Co.* (7 A D 2d 675, motion for leave to appeal denied 5 N Y 2d 709). Award unanimously affirmed, with costs to the Workmen's Compensation Board.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DONALD E. DE GROAT, Appellant.— Defendant appeals from an order of the Ulster County Court which denied his motion for a correction of sentence. Defendant was convicted after a jury trial of rape in the first degree under the first count of an indictment, and of assault in the second degree under the second count of the same indictment. He was thereafter sentenced as a second offender to a term of not less than 10 years nor more than 20 years on the rape count, and not less than 5 years nor more than 10 years on the assault count, the sentences to run concurrently. Upon appeal to this court (*People* v. *De Groat,* 5 A D 2d 1045) the conviction on the rape count was vacated and that count of the indictment was dismissed. The judgment of conviction on the assault count was affirmed. The appellant also raised the question upon that appeal that in the event the rape count should be vacated a new trial should be ordered on the assault count. The Court of Appeals affirmed upon appeal to that court by the defendant-appellant. (*People* v. *De Groat,* 5 N Y 2d 947, motion for reargument denied 6 N Y 2d 882.) Appellant now contends that the trial court was without power under section 1938 of the Penal Law to impose a sentence on each count, even though they were to run concurrently. It is contended that the court was only empowered to impose sentence upon the higher of the two counts. Section 1938 prohibits double punishment. There is no double punishment or multiple punishment when the two sentences are to run concurrently, and certainly not when now the conviction and sentence on one count of the indictment has been vacated. As the record now stands, the defendant is convicted and sentenced only for assault in the second degree, which has been affirmed by the Court of Appeals. We think that should establish the law of this case. Moreover, the Court of Appeals in *People ex rel. Maurer* v. *Jackson* (2 N Y 2d 259) has construed section 1938 contrary to the appellant's contention when the sentences are concurrent. In fact, the court in that case envisioned just such a situation as is presented here, when it said at page 269: "Another important factor should not be overlooked. Where a criminal act which is a composite of several included offenses is followed by a multiple court indictment, and convictions are obtained on more than one count, the imposition of concurrent sentences for lesser included offenses insures that the defendant will not go unpunished if there is an error in his conviction for the highest degree of offense resulting in an acquittal as to that count." Order unanimously affirmed.