■ In the Matter of the Claim of CHARLES ZECK, Respondent, v. NYE-WAIT COMPANY, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from an award for permanent total disability due to quadriplegia resulting from displacement of the cervical cord. Claimant was found upon the floor near a carding machine which he had been engaged in repairing. He was unconscious for some days and recalls nothing of the accident, which was unwitnessed, although two coemployees heard his fall. He testified that he started to climb upon the oily surface of the machine to clean the wool waste and blower at the top and remembered nothing further. On cross-examination, he said that to the best of his recollection he had to clean either the waste or the blower but could not say which one he was going to do or how far he had proceeded. One coemployee testified that he saw claimant standing by the machine and "seconds later", after resuming his own work, saw claimant lying upon the floor; but on cross-examination said that he saw claimant "start down" the machine and that when he next looked claimant was lying upon the floor. There were light contusions upon claimant's face and his glasses were broken. Another coemployee testified that he saw claimant with a wrench in his hand, approaching the machine, which was close at hand, and that, about 10 seconds later, after the witness had walked about 40 feet away, he heard an "awful big crash" and returned to find claimant upon the floor. The treating neurosurgeon testified, without contradiction, that the kind of spinal cord injury sustained by claimant "is usually acute and is usually due to trauma" and, further, that "A blow might do it. Sometimes a rapid change in head position might do it. Sometimes it is displaced by a rapidly moving object. A fall might do it." This expert considered as a further possibility a trauma occurring if claimant "twisted himself and lost his balance and hit something". The doctor asserted "that the acute onset of [claimant's] illness and the findings which were observed at surgery were most consistent with a traumatic origin." It is of particular significance in this case that there is no evidence whatsoever of any idiopathic cause for claimant's fall and, indeed, the operating neurosurgeon testified that he found nothing indicative of any physical condition which could have precipitated a collapse or a syncopal or other spell. As was said in *Matter of Heck* v. *Hilton Hotels Corp.* (12 A D 2d 672): "The record shows merely the fall

in the course of employment; and since it was not demonstrated by the appellant that it was idiopathic and caused in any part by the physical condition of the claimant (*Matter of McCormack* v. *National City Bank*, 303 N. Y. 5), the accident is entitled to the presumption of the statute (Workmen's Compensation Law, § 21, subd. 1)." (See, also, *Matter of Teichert* v. *Linden Hill Cemetery*, 16 A D 2d 723, motion for leave to appeal denied 11 N Y 2d 647.) Appellants' additional contentions were not urged in the application for review (see Workmen's Compensation Law, § 23; *Matter of La Barge* v. *Mercy Gen. Hosp.*, 12 A D 2d 689, motion for leave to appeal denied 9 N Y 2d 610; *Matter of Kastenhuber* v. *Irwin & Leighton*, 16 A D 2d 1003) but we find them without merit in any event. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.