■ In the Matter of the Claim of IDA GOLDSTEIN, Respondent, v. HOUSE OF SCHRAGER, INC., et al., Respondents, and MONOCRAFT PRODUCTS COMPANY, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. (And One Other Action.) — Appeal from a decision and award of the Workmen's Compensation Board. Claimant is the widow of decedent David Goldstein, who was an employee of respondent House of Schrager, Inc. Claimant was herself an employee of Schrager. Decedent, who lived in Chicago, had for many years worked as a salesman of costume jewelry and was on Schrager's regular payroll. He was also a salesman for Monocraft Products Company, Inc., under the terms of a contract which set forth an exact definition of his territory. He was paid a percentage commission, but no salary. It could be found that at the request of Schrager claimant and her husband came to New York on June 1, 1960 to attend "Market Week" and in New York each of them attended meetings and activities of both Schrager and Monocraft. While in New York the president of Schrager asked claimant's husband to stop off on his way back to Chicago at Indiana, Pennsylvania, to speak to a Schrager customer about an account in arrears. Indiana, Pennsylvania was not in the territory of the claimant's husband for either Schrager or Monocraft, and to go there it was necessary to depart from the usual and direct route from New York to Chicago which decedent and claimant would otherwise have followed. While driving his car on U. S. Highway 422 near Indiana, Pennsylvania, decedent's car was in an accident in which decedent was killed and claimant injured. An award has been made to claimant

as widow and individually and made payable one half each by both employers. Only Monocraft appeals. The record does not sustain the board's finding that the accident occurred in the course of employment with Monocraft. The dual character of the employment makes it necessary to segregate the activities of claimant and decedent at those times when they were actually working for one and not for the other employer. It may be that some activities ran together in parallel courses, as for example their activities in New York while attending sessions for both employers; and their traveling on the usual route from Chicago to and from New York. But in this kind of a divided employment when they left the route from New York to Chicago to go specially to a place designated and directed by one employer there is a departure from the employment of the other whose business and interests had no relationship to this specially directed activity. Hence the accident occurring during such special activity for one employer was not in the course of employment for the other. Here the test which may separate one employment from the other, that the duties " are so separate and distinct in time or place that the employment is capable of identification as that of only one employer" (*Matter of Hunt* v. *Regent Development Corp.*, 3 N Y 2d 133, 134), seems to be met. The work in the course of which the accident occurred is fully " capable of identification " as the employment of " only one employer ". A good general discussion of this problem is the opinion of HALPERN, J., in *Matter of Vance* v. *Hut Neckwear Co.* (281 App. Div. 151, mot. for lv. to app. den. 305 N. Y. 933). Larson uses the expression " complete identification of the employees activities at the time of injury with a single employer" (1 Larson, Workmen's Compensation Law, § 48.50, pp. 721, 722). The decision in *Matter of Mahoney* v. *Stern & Co.* (9 N Y 2d 931) is distinguishable from the case now before us. Decision modified by dismissing claim against appellants Monocraft and Globe Indemnity Company, and claim remitted to the Workmen's Compensation Board for further proceedings, with costs to appellants against the respondent employer and carrier. Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ., concur.