■ In the Matter of the Claim of MARGARET NALLY, Respondent, v. LYNBRAND, ROSS & MONTGOMERY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed July 27, 1971, which awarded compensation benefits to the claimant. The board found: "After review, the majority of the members of this panel finds on the basis of the credible evidence and the presumptions under Section 21 that the decedent sustained an accidental injury as alleged. Decedent had abrasions of chin and temple when observed by one of the witnesses after the fall. The claimant was unconscious when admitted to the hospital and the diagnostic workup showed a subdural hematoma. The autopsy report indicates cause of death as subdural hematoma. Since no one saw the decedent fall or strike his head it is presumed that he struck his head on a table or chair that was in the room causing a hemotoma. The Board finds that the death on September 2, 1969 was causally related to such accidental injury." The issues raised by the appellants relate to factual issues and the board's findings are supported by substantial evidence. (See *Matter of Kamper* v. *Kennelly Bar & Grill*, 33 A D 2d 1083.) Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr. and Sweeney, JJ., concur; Simons and Reynolds, JJ., dissent and vote to reverse in the following memorandum by Simons, J.: Decedent's injury arose when he fell in the bar area of the locker room during a golf outing sponsored by his employer. Immediately before falling he was standing still engaging in conversation with two companions. His face went blank and he fell backwards without any statement. At no time was the decedent out of the sight of the witnesses. When observed on the floor, decedent's body was a few feet from the nearest furniture. The decedent had suffered a previous heart condition and was receiving anti-coagulants. His death resulted from a subdural hematoma which an attending physician testified could have been spontaneous or as the result of striking the floor. The board, relying upon the presumption under section 21 of the Workmen's Compensation Law, found his death causally related to an unwitnessed accidental injury. That presumption is not applicable when, as here, it is overcome by the direct evidence in the record. The record shows that the employee fell for ideopathic reasons unrelated to his work. No industrial accident was established herein. (*Matter of McCormack* v. *National City Bank*, 303 N. Y. 5.) The decision should be reversed, and the claim dismissed.