744

■  In the Matter of the Claim of ANNA CURRIE, Appellant, v. TOWN OF DAVENPORT et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant from a decision of the Workmen's Compensation Board, filed December 14, 1971.  On September 1. 1970 Vernon Currie died while he was working at a landfill site for the Town of Davenport.  Around noontime he was observed walking along a road towards the landfill area about one-half mile away carrying a five-gallon can which appeared to be filled by the manner in which it was being carried.  Shortly thereafter, he was found at the landfill area by a co-worker, lying face down with the can of water still in his hand.  The co-worker testified that some of the water had spilled out of the can, which had no cap, and that three to four quarts remained in the can.  Further testimony indicated that it was a warm day, that decedent might have obtained the water from the Charlotte River about seven-tenths of a mile away.  There was no water at the landfill site, and it may be assumed that decedent went for the water either for drinking water or for the radiator on the backhoe which he operated.  Decedent had a pre-existing heart disease and diabetes, and the cause of death was determined to be cardiac arrest.  Dr. Vandenberg, claimant's physician and the only medical expert to testify, stated that the exertion caused by the carrying of the can of water over the distance of one quarter to one third of a mile contributed to his death.  The board found there was medical evidence in the record that " the exertion engaged in by the decedent on the date of his death was not sufficient to have produced the death."  This finding is based on the reports of Dr. Wilbur, the coroner, and Dr. Walters.  Neither of these reports support the board's finding relative to the exertion engaged in by decedent at the time of his death.  The board's finding that there was such evidence is apparently only an assumption based upon the report of Dr. Walters, who made no such statement, but concluded that death was due solely as the result of the progression of decedent's pre-existing arterioclerotic heart disease, which was further based upon an opinion that effort has no bearing on the incidence of myocardial infarctions.  Dr. Walter's report thus totally disregards other medical authorities to the effect that exertion may play a part in precipitating a cardiac attack, and that " A heart injury such as coronary occlusion or thrombosis, when brought on by overexertion or strain in the course of daily work, is compensable though a pre-existing pathology may have been a contributing factor." (*Matter of Schuren* v. *Wolfson,* 30 N Y 2d 90; *Matter of McCormick* v. *Green Bus Lines,* 29 N Y 2d 246; *Matter of Masse* v. *Robinson Co.,* 301 N. Y. 34.)  The record is totally lacking in any substantial evidence to sustain the board's finding of insufficient exertion to have produced decedent's death.  The determination of the board should, therefore, be reversed and the matter remanded to the board for further proceedings not inconsistent herewith.  Decision reversed, and matter remitted for further proceedings not inconsistent herewith, with costs to appellant.  Staley, Jr., J. P., Greenblott, Cooke, Kane and Reynolds, JJ., concur.