■ In the Matter of the Claim of LEE R. SLADE, Respondent, v. ALBERT PERKINS et al., Appellants, and E. BROWN, Doing Business as E & B CONTRACTING Co., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeals on a shortened record from decisions of the Workmen's Compensation

Board, filed September 25, 1970, April 12, 1971, January 10, 1972 and October 17, 1972, the issue raised being limited to whether the accident in question arose out of and in the course of employment. Claimant, a demolition worker, was working on October 2, 1969 at a site off Central Park at 81st Street in New York City and, while coming out of the basement with a basket on his shoulder, was the victim of an assault. He testified that he had never previously seen the man who hit him or the lady who accompanied the perpetrator of the assault. Jenkins, a coworker, related that claimant asked a girl who walked by the jobsite whether he could go home with her and that thereafter she came back with the assailant who pretended to be her brother and who struck claimant twice in the face. When an injury is sustained in the course of employment it will be presumed, as a matter of law, that it did arise out of the employment in the absence of substantial evidence to the contrary (Workmen's Compensation Law, § 21; *Matter of Heyward* v. *Power Serv. Sta.*, 27 A D 2d 618, mot. for lv. to app. den. 19 N Y 2d 579). Issues of fact involving contradictory testimony and the credibility of witnesses are for the board to determine (Workmen's Compensation Law, § 20; *Matter of Gabriel* v. *Gabriel Constr. Corp.*, 32 A D 2d 600) and the board had a right to find that "based on the credible evidence claimant was assaulted while at work and that this constituted an accident arising out of and in the course of the employment" (cf *Matter of Conyers* v. *Bar*, 38 A D 2d 987; *Matter of Phillips* v. *Spaulding Bakeries*, 17 A D 2d 684, affd. 12 N Y 2d 1027). Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr. and Cooke, JJ., concur; Greenblott and Reynolds, JJ., dissent and vote to reverse in a memorandum by Reynolds, J. Reynolds, J. (dissenting). The board in its decision recites the fact that there was testimony in the record by a disinterested witness to the effect that claimant, a demolition man, while on the job, asked a passing girl if he could go home with her and that later the girl returned with her brother who assaulted the claimant. A majority of the board, without reciting the fact that claimant testified that the attack was completely unprovoked or commenting on the previously recited testimony, found "that based on the credible evidence claimant was assaulted while at work and that this constituted an accident arising out of and in the course of the employment". One dissenting member of the board stated, "I find that the assault arose out of a remark made by claimant which had nothing to do with the job and that the accident did not arise out of and in the course of the employment." We cannot read the majority of the board's opinion as rejecting the recited testimony and finding that claimant was the subject of an unprovoked attack but, rather, that despite any action of the claimant, the injuries sustained were compensable because they occurred while on the job. This being so, we cannot agree with affirmance in this case since we have long and consistently held that the mere fact alone that injury occurs on the employment site does not make it compensable (e.g. *Matter of Pryor* v. *Presbyterian Home for Aged Women*, 9 N Y 2d 869; *Matter of Scholtzhauer* v. *C. & L. Lunch Co.*, 233 N. Y. 12; *Matter of Rodriquez* v. *Paris Queen Bags*, 23 A D 2d 606). We, therefore, vote to reverse and remit for further proceedings.