■ In the Matter of JANE KAYLOR, Respondent, v. 133 EAST 80TH STREET CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed December 20, 1972, affirming an award of death benefits, and from a decision filed May 8, 1973, amending its original memorandum of decision. On April 25, 1971, the decedent was working a 4:00 P.M. to midnight shift as a porter-doorman in the employer's building. About 11:30 P.M. one Berrios, who was employed on the midnight to 8:00 A.M. shift as doorman, appeared. Berrios testified that decedent informed him that it was his last night of work for the employer, and then began slapping him. Berrios testified that he attempted to defend himself, whereupon decedent obtained a baseball bat from a nearby storage room and struck Berrios on the face and arms. Berrios stated that he then warned decedent that he had a gun, but when decedent continued the assault, Berrios fatally shot him. Decedent's widow's claim is controverted on the ground that decedent did not have an accident arising " in the course of " and " out of " the employment. Since decedent's death occurred while he was on duty in his place of employment, it arose " in the course of " the employment, and an accident occurring in the course of employment is presumed to have arisen out of that employment (*Matter of Valenti* v. *Valenti*, 28 A D 2d 572). The board found that there was no substantial evidence to overcome the presumption created by section 21 of the Workmen's Compensation Law that the claim arose in and out of the employment. Since the primary factual issue raised before the referee relates to whether the altercation was work-related or whether decedent intended to assault Berrios for personal reasons, it is also implicit in the board's decision that section 21 was applied to invoke the pre-

sumption that the injury "was not occasioned by the willful intention of the injured employee to bring about the injury or death * * * of another". If decedent's injury was occasioned by such an intent, he would, of course, be barred from compensation (Workmen's Compensation Law, § 10; *Matter of Commissioner of Taxation and Finance* v. *Bronx Hosp.*, 276 App. Div. 708, mot. for lv. to app. den. 301 N. Y. 813). Appellants urge that the personal motivation underlying the altercation was established by substantial evidence sufficient to overcome the presumption. In supportof this contention they point to the testimony of Berrios whereby he related two previous disputes between the antagonists. However, these incidents were sufficiently removed in time from the fatal attack that the board would not have been required to find that they established a personal motive for the alleged assault by the decedent. If there was substantial evidence sufficient to overcome the presumptions of section 21, it must be found in the testimony of Berrios and of Vaughn, the building superintendent, who were the sole witnesses. The board specifically rejected Berrios' testimony because he had an unregistered gun, criminal proceedings were brought or could have been brought against him, and, therefore, his testimony was self-serving. Although the board did not discuss Vaughn's testimony, Vaughn was not an eyewitness, and the fact that he found decedent with a baseball bat between his legs does not give rise to an inference that decedent possessed a willful intent to injure Berrios which would be stronger than the inference that decedent was defending himself; nor is it probative of the motives underlying the fight. Thus, although there was no affirmative evidence offered to refute Berrios' version, the board could find that neither his testimony nor Vaughn's rose to the level of substantial evidence sufficient to overcome the presumptions of section 21. Of course, in a case where all the testimony offered in contravention of a claim is free from suspicion and cannot be doubted on the ground of improbability or the self-interest of a witness (see *Matter of Magna* v. *Hegeman Harris Co.*, 258 N. Y. 82, 84), the board cannot arbitrarily disbelieve such testimony solely for the purpose of invoking presumptions as a substitute for direct proof. However, the board in the present case was not required to accept, as substantial evidence overcoming the presumption, the testimony of the assailant himself which for stated reasons well-recognized in law could be denied credibility (see *Matter of Moraes* v. *National Biscuit Co.*, 2 A D 2d 619, mot. for lv. to app. den. 2 N Y 2d 705); nor was it required to accept the testimony of Vaughn, since he did not witness the altercation. Decision affirmed, with one bill of costs to respondents filing briefs. Greenblott, J. P., Cooke, Sweeney, Kane and Main, JJ., concur.