■ In the Matter of ROBERT LAYTON, Respondent, v. INTERSTATE HEATING et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed May 25, 1973, which found that claimant had a continuing causally related disability due to an accidental injury on March 10, 1965. Claimant sustained a compensable back injury on March 10, 1965 while he was installing a 300-pound furnace which fell over and struck him in the back. The board found on conflicting medical testimony that claimant's disability after March 11, 1972 was causally related to the 1965 accident. Its determination is supported by substantial evidence and should not be disturbed. We find no abuse of discretion in the board's refusal to grant a further adjournment to allow appellants to cross-examine the attending physician's consultant. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Greenblott, Sweeney, Main and Reynolds, JJ., concur.

■ STATE OF NEW YORK, Appellant, v. HOWARD M. CASE et al., Respondents. —Appeal from an order of the Supreme Court at Special Term, entered August 13, 1973 in Madison County, which denied plaintiff's motion for summary judgment. The plaintiff is clearly correct that adverse possession cannot be used against the State (e.g. *Smith* v. *People,* 9 A D 2d 205). However, the plaintiff also seeks injunctive relief to enjoin the defendants "from going on and utilizing the said lands for their own purposes" and to compel the removal "from the said lands all buildings [and] structures * * * encroaching upon or interfering" with the subject land. Whether the plaintiff is entitled to this relief against any or all of the defendants cannot be decided on the instant record. There are presented issues as to title and defendants' possible rights of use of the land involved which must be explored at a plenary trial. Order affirmed, without costs. Herlihy, P. J., Greenblott, Sweeney, Main and Reynolds, JJ., concur.