■ In the Matter of ALICE CASUCCI, Appellant, v COMMUNITY CARTING COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the majority of the Workmen's Compensation Board, filed January 31, 1973, which affirmed a decision of a referee denying claimant benefits on the ground that her husband, the decedent, did not sustain an accidental injury arising out of and in the course of employment. Decedent was employed as a driver-helper on a hydraulically operated garbage truck. Decedent's job entailed collecting trash from supermarkets and loading it on the truck in bundles weighing from one to 50 pounds. The board found that the trash was put into containers which were hooked on to the truck and emptied mechanically, and, thus, there was no lifting. However, the board also found that in at least one store, the store in which decedent died, trash in cartons weighing up to 25 pounds was kept in the basement and would have to be put on a chute to be carried up to street level, and that it was the decedent who put these packages on the chute. On the date of his death, decedent had already made one stop, and was in the basement of the afore-mentioned store in the course of his duties when he suffered a thrombosis of the coronary artery which caused his death. While the board found that the cartons had not been removed, there was no testimony from which it could be determined whether claimant had or had not actually attempted to move any of them before he was found. It is not disputed that claimant's death occurred in the course of employment which, in the absence of substantial evidence to the contrary, invokes a presumption that the accidental injury causing his death arose out of the employment. *(Matter of Slade v Perkins,* 42 AD2d 667, affd 33 NY2d 988.) While the presumption cannot be employed as a substitute for proof, the presumption must be resorted to here since no direct proof can be offered on the issue of the effort in which decedent might have been engaged immediately prior to his death: The proof of death prepared by the Westchester County Medical Examiner which states "no accident" and "no injury involved" does not overcome the presumption, for it fails in any respect to set forth any medical facts which would support the board's conclusion that there was no causal relationship between the death-producing injuries sustained by claimant's decedent and his employment. We also note that claimant submitted a report by Dr. Shub which concluded that there was a causal relationship between the decedent's work and his death. Under subdivision 5 of section 21 of the Workmen's Compensation Law, the "contents of medical * * * reports introduced in evidence by claimants for compensation shall constitute prima facie evidence of fact as to the matter contained therein." While this presumption likewise can only be given effect where there is no substantial evidence to the contrary *(Matter of Dillon v Le Roy Mach. Co.,* 7 AD2d 767), the record in the present case as previously noted contains no contrary substantial evidence. Thus, the report of Dr. Shub would ordinarily constitute prima facie evidence sufficient to invoke the presumption that death arose out of the employment, which was not overcome by evidence to the contrary, medical or otherwise. (Cf. *Matter of Currie v Town of Davenport,* 40 AD2d 744.) We note, however, that Dr. Shub's conclusions, as set forth in his report, are based upon facts not fully borne out by the record. To be specific, there is no evidence that on the morning of his death decedent *"carried* some cardboard bundles weighing up to *fifty pounds."* However, the record does indicate that in his first stop, decedent may have pushed heavy containers, and that in his second stop, relying on the presumption, he may have begun to carry bundles weighing up to 25 pounds. It is our view that a proper determination in this case requires

further development of these facts and the production of further medical evidence, wherefore the matter must be remanded to the board for further proceedings. Decision reversed, and matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith, with costs. Herlihy, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.