◼  In the Matter of the Claim of MARIE N. FALLON, Respondent, v NATIONAL GYPSUM COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed September 19, 1974. The employer and its insurance carrier appeal from the decision of the board which affirmed an award for death benefits allowed to the widow of the deceased employee based upon findings that the decedent had suffered a compensable accidental fall which resulted in his skull fracture and resultant death and that said accident arose out of and in the course of his employment. Decedent, director of sales training for the employer in Buffalo, New York, left Buffalo on a business trip to Florida. The evidence discloses that the main objective of the trip was to give decedent the opportunity to carry on business discussions with customers of the employer and ultimately to address a sales meeting in Tampa, Florida. All of the expenses of the trip were paid by the employer. On the morning of March 7, 1972, as the decedent was in the process of checking out at the front desk of the Savannah Inn and Country Club, he suddenly fell and struck his head on the floor. He died one week later of his injuries which were diagnosed as a massive "subarachnoid and midbrain hemorrhage due to an occipital skull fracture". We find substantial evidence in the record to substantiate the finding of the board that decedent was in the course of his employer's business at the time of his accident. In addition to the fact that the employer paid the expenses of the trip, the board found that during decedent's stay in Savannah he was in frequent contact with a major customer of the employer. We pass then to the next contention of the appellants that the accident did not arise out of decedent's employment. The establishment of the fact that the fall was within the course of employment raises the presumption under section 21 of the Workmen's Compensation Law that it also arose out of the employment in the absence of substantial evidence to the contrary. *(Birdsall v Peters,* 46 AD2d 11; *Matter of Kaylor v 133 East 80th St. Corp.,* 43 AD2d 999.) Appellants contend that the presumption under section 21 has been overcome by direct evidence that the fall was idiopathic in origin, and therefore noncompensable. We disagree. The physicians who examined decedent testified that they could not discover an internal cause for the fall, nor could they determine whether decedent's fracture caused or was caused by a subarachnoid hemorrhage. Mrs. Cowart, the only person present at the time of the accident, could not state the cause of the fall and did not see the decedent hit the floor. Thus, although the accident was in a sense witnessed, there is no proof on the question of whether it was self-originated, or whether it was caused by or its consequences contributed to by the desk or some other thing present in the environment in which decedent found himself in the course of his employment. An unexplained accident is the equivalent of an unwitnessed one *(Matter of Brasch v Investors Funding Corp.,* 23 AD2d 918, mot for lv to app den 16 NY2d 483). "Since it was not demonstrated [that the fall] was idiopathic and caused in any part by the physical condition of the [decedent] the accident is entitled to the presumption of the statute". *(Matter of Heck v Hilton Hotels Corp.,* 12 AD2d 672; *Matter of Hoffman v Grain Handling Co.,* 7 AD2d 675, mot for lv to app den 5 NY2d 709.) (See *Matter of Daly v Opportunities for Broome,* 39 NY2d 862, revg 48 AD2d 99.) Decision af-

firmed, with costs to the Workmen's Compensation Board. Koreman, P. J., Greenblott, Main, Herlihy and Reynolds, JJ., concur.