■ In the Matter of the Claim of DOROTHY PAMLANYE, Respondent, v BAYPORT-BLUEPOINT SCHOOL DISTRICT No. 5 et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed December 5, 1974. The employer and its carrier appeal from a decision of the board awarding death benefits to the widow of the deceased employee based upon findings that decedent sustained accidental injuries, namely, a fracture of the skull, epidural, subdural and subarachnoid hemorrhage, contusions and lacerations of the brain and multiple ecchymosis and hemorrhages of the body which resulted in his death; and that said accident arose out of and in the course of decedent's employment. It has been established that decedent worked alone as a custodial worker on school premises on the night shift from 11:00 P.M. to 7:00 A.M., and that on June 7, 1971 he proceeded to the locker room when he arrived for work that night, helped a coworker move sections of bleachers in the gymnasium and then returned to his work in the locker room. The head custodian testified that he arrived at the school about 6:40 A.M. on the morning of June 8, 1971 and smelled smoke in the building; that he went looking for the decedent and found him in a classroom on the second floor lying face down on the floor close to the teacher's metal desk; that decedent was semiconscious and unable to speak; that there was blood on his face, hands, shirt and on the floor; and that there had been a fire in a waste basket which had been put out, and the basket was still warm. Decedent was removed by ambulance to a hospital where he died on June 20, 1971. An autopsy revealed that the cause of death was a fractured skull and severe brain damage. Appellants argue that decedent's death resulted from some illness such as undiagnosed meningitis that he may have been

suffering from, and contend that claimant has failed to establish that the death was causally related to decedent's employment. Clearly there is substantial evidence in the record to substantiate the finding of the board that the decedent was in the course of his employer's business when he fell to the floor. The fact that the fall occurred within the course of employment raises the presumption under section 21 of the Workmen's Compensation Law that it also arose out of the employment in the absence of substantial evidence to the contrary *(Birdsall v Peters,* 46 AD2d 11). The record is barren of any proof that decedent was suffering from any illness or internal physical condition at the time of his fall, nor is there any valid medical explanation of the cause of the fall to rebut the presumption that it was accidental. In such case, this unwitnessed accident is entitled to the presumption of section 21 of the Workmen's Compensation Law. Decision affirmed, with costs to the Workmen's Compensation Board. Koreman, P. J., Sweeney, Kane, Main and Herlihy, JJ., concur.