■ In the Matter of the Claim of GERALDINE MOLLOY, Appellant, v ROOSEVELT RACEWAY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed April 3, 1974, which found that the decedent's death was not causally related to his employment. The decedent was a pari-mutuel ticket seller and while standing at his ticket window to service customers, he fell to the floor suffering injuries to his head which were apparently the immediate cause of his death. The record contains ample evidence that the fall was the result of a fainting spell and had no causal connection with his employment. The appellant does not contend that the idiopathic cause of the fall is not established. The record contains conflicting evidence as to the closeness of various obstructions in the immediate vicinity of the decedent upon which he might have struck his head as he fell. The claimant's treating physician was of the opinion that the claimant's fatal injury was not caused by striking any object other than the floor. One witness testified that he observed the entire fall and decedent did not strike anything other than the floor, but his testimony was to some extent equivocal as to whether or not he observed the entire fall. The board found that the decedent did not strike any object during his fall to the floor. Upon the present record the findings of the board are supported by substantial evidence credited by it and, accordingly, the presumption under section 21 of the Workmen's Compensation Law that the accident arose out of the employment is overcome. *(See Matter of Fallon v National Gypsum Co.,* 53 AD2d 745; cf. *Matter of Daly v Opportunities for Broome,* 48 AD2d 99, revd 39 NY2d 862.) The cases of *Matter of Nally v Lynbrand, Ross & Montgomery* (39 AD2d 788, affd 31 NY2d 977 and *Matter of Kamper v Kennelly Bar & Grill* (33 AD2d 1083) relied upon by the appellant do not establish that the board must find that section 21 presumption applicable whenever the record establishes that a decedent *might* have struck his head on an obstruction while falling. The *Nally* and *Kamper* cases illustrate the power of the board to finally determine the factual aspect of cases such as the present one where there are factual issues as to the nature of the injuries and cause of the fall. (See *Matter of Daly v Opportunities for Broome, supra.)* Decision affirmed, without costs. Koreman, P. J., Sweeney, Kane, Main and Herlihy, JJ., concur.