■ In the Matter of the Claim of NELDA PICINICH, Respondent, v CAYUGA CRIMMINS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from decisions of the Workmen's Compensation Board, filed July 11, 1975 and April 16, 1976, which found that the deceased employee's death arose out of and in the course of his employment and awarded death benefits to his widow and three minor children. On August 11, 1973, the deceased was working for the employer herein on the midnight to 8:00 A. M. shift as a construction worker on an excavation project at the Bowling Green subway station in New York City. At approximately 8:15 A. M. on that same day, his dead body was discovered hanging from a beam below the surface of the ground at his place of work, and cause of death was determined to be electrocution. Following a hearing, a referee found that his death arose out of and in the course of his employment, and the board adopted this finding and awarded death benefits to his widow and three minor children. On this appeal, appellants' sole contention is that the deceased's fatal accident did not arise out of nor in the course of his employment. We disagree. Since the deceased's body was discovered on the work site within minutes of the end of his shift, there is plainly substantial evidence that his death arose in the course of his employment. Moreover, this factor raises the presumption under section 21 of the Workmen's Compensation Law that his death also arose out of his employment in the absence of substantial evidence to the contrary *(Matter of Kaylor v 133 East 80th St. Corp.,* 43 AD2d 999), and his work foreman further testified that he might well have been picking up tools in the area of his demise as was customary at the point in the work schedule immediately preceding his death. While there was additional evidence indicating that the deceased may have been engaged in the personal pursuit of salvaging an abandoned cable when the accident occurred, such proof was speculative in nature and the board apparently did not credit it, but rather found that the statutory presumption of fact had not been rebutted. Under these circumstances, the board's determination must be affirmed (cf. *Matter of Daly v Opportunities for Broome,* 39 NY2d 862; *Matter of Fallon v National Gypsum Co.,* 53 AD2d 745). Decisions affirmed, with costs to the Workmen's Compensation Board. Koreman, P. J., Greenblott, Mahoney, Main and Herlihy, JJ., concur.