■ In the Matter of the Claim of DORIS OSTERBERG, Respondent, v COLUMBIA UNIVERSITY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed May 22, 1975, as supplemented by decision filed December 15, 1976. The death of claimant's decedent occurred in Philadelphia where he had been sent by his employer to give a series of lectures. Accordingly, any injury or death during the entire period he was required to be there would be compensable so long as he was engaged in a reasonable activity at the time of the incident for which compensation is sought (*Matter of Schneider*

v *United Whelan Drug Stores,* 284 App Div 1072). Although accident, notice and causal relation were established initially, and compensation was paid, an application to reopen was granted for further development of this record. Upon the argument of this appeal we granted appellants' request to go back before the board to present to it certain matter which should have been before it at the time of the determination appealed from. The board has considered all matter offered by appellants and has found no reason to alter its prior decision. The issue presented to us is whether there was sufficient evidence adduced at the trial of two individuals found criminally responsible for decedent's death in Pennsylvania to defeat the award of compensation by the referee and affirmed by the board. In its decision the board made it clear that it simply did not believe the relevant portions of the testimony of the perpetrators of the crime that resulted in decedent's death. This they had a perfect right to do *(Matter of Daly v Opportunities for Broome,* 39 NY2d 862; *Matter of Slade v Perkins,* 42 AD2d 667). It is also quite clear that they found such evidence insufficient to rebut the presumption of compensability *(Matter of Casucci v Community Carting Co.,* 48 AD2d 725; *Matter of Kaylor v 133 East 80th St. Corp.,* 43 AD2d 999; Workmen's Compensation Law, § 21). Decision affirmed, with costs to the Workmen's Compensation Board. Greenblott, J. P., Kane, Mahoney, Main and Larkin, JJ., concur.