■ In the Matter of the Claim of CYNTHIA H. CARGAIN, Respondent, v PORITZKY'S MEAT CO., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed March 26, 1976. The employer and its carrier appeal from the decision of the board awarding death benefits to two minor children of the deceased employee based upon findings that the severe nature of the injuries to his skull and the extent of brain damage indicated a precipitous fall; that the fact that no one can explain the reason for the accidental injury together with the presumptions under section 21 of the Workmen's Compensation Law leads to the legal conclusion that the accident arose out of and in the course of employment; that decedent's death was causally related to his accidental injuries; and that the carrier has produced no evidence to establish an idiopathic cause, nor has it produced sufficient evidence to rebut the presumptions of section 21. It is not disputed that the decedent was in the course of his employment when he fell. Appellants

argue, however, that testimony was offered to explain the fall and that they have overcome the presumption of section 21 by proof that the fall was the result of decedent's physical condition, and, therefore, noncompensable. "Although there may have been some evidence to rebut the presumption of a work-connected injury (Workmen's Compensation Law, § 21), there was no showing that the Workmen's Compensation Board credited this proof or found that the presumption had been rebutted." *(Matter of Daly v Opportunities for Broome,* 39 NY2d 862, 863.) On this record, and in view of the presumption of fact by virtue of the statute, it is clear that the board's determination is supported by substantial evidence, and should be affirmed *(Matter of Daly v Opportunities for Broome, supra; Matter of Picinich v Crimmins,* 55 AD2d 759; *Matter of Fallon v National Gypsum Co.,* 53 AD2d 745, mot for lv to app den 40 NY2d 803). Decision affirmed, with costs to the Workmen's Compensation Board against the employer and its insurance carrier. Koreman, P. J., Greenblott, Sweeney, Kane and Mahoney, JJ., concur.