■　In the Matter of the Claim of ITALO CHIULLI, Respondent, v GETTY SQUARE PIZZA, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed December 19, 1975, as amended by decision filed March 18, 1976, which held that claimant sustained a compensable accident while in the employment of the Getty Square Pizza, Inc., and that liability for the resulting disability was chargeable to appellants. The issues for determination on this appeal are whether or not there was substantial evidence to charge liability for this accident to Getty Square Pizza, Inc., and its insurance carrier and whether or not the board properly closed the case without permitting further development on the issue of joint employment between Getty Square Pizza, Inc., and Tom Tom's, a frankfurter business located across the street from the pizza business. More specifically, the appellants

urge that all the evidence before the board pointed to a joint employment of the claimant and that there was an absence of evidence of single employment by Getty Square Pizza, Inc. We find that there is substantial evidence in the record to support the finding of the board. Claimant testified that he had been working for Getty Square Pizza, Inc., for a week before the accident which occurred on August 17, 1973. Upon being hired by the boss, Gennaro (Iazzetta), the president of Getty Square Pizza, Inc., he was told that he could work in the pizza place or across the street at Tom Tom's. Claimant said he did do work in both places. On the morning of the accident he worked at the hot dog stand until 11:00 A.M. and after that at the pizza place. At about 4:00 P.M., he went downstairs at the pizza place to clean the electric machine used for making the pizza dough. This machine started up while his hand was in it causing his injuries. There was a C-2 employer's report of injury form filed by Getty Square Pizza, Inc., admitting that it was the employer of claimant on August 17, 1973, when he caught his hand in the machine. Claimant further testified that the boss, who hired him, Gennaro (Iazzetta) said he would be paid $3 per hour for his work but he was not paid because of the trouble his employer said he caused over this accident. Gennaro Iazzetta, testified that he was president of Getty Square Pizza, Inc., and that Tom Tom's was a separate entity. However, he denied that the claimant had been hired either by Getty Square Pizza, Inc., or Tom Tom's. Emilio Iazzetta, also testified that the pizza place and the hot dog place were separate businesses. The board is the sole judge of the credibility of witnesses and the finder of the facts (Workmen's Compensation Law, § 20; *Matter of Kaylor v 133 East 80th St. Corp.,* 43 AD2d 999). The evidence before the board would indicate that there was a dual employment and not a joint employment of this claimant *(Matter of Goldstein v House of Schrager,* 19 AD2d 759). Here, claimant, at the time of the accident was cleaning the machine to make pizza dough, an operation solely related to the pizza business. The board could therefore find that the pizza dough machine cleaning activity that claimant performed for the Getty Square Pizza, Inc., was severable from any employment activity he performed for Tom Tom's. These were separate businesses on separate premises. "Dual employment occurs when a single employee, under contract with two employers, and under the separate control of each, performs services for the most part for each employer separately, and when the service for each employer is largely unrelated to that for the other. In such a case, the employers may be liable for workmen's compensation separately or jointly, depending on the severability of the employee's activity at the time of injury". (1A Larson, Workmen's Compensation Law, § 48.40.) Furthermore, as Larson states in his treatise on workmen's compensation (§ 48.00): "When this separate identification can clearly be made, the particular employer whose work was being done at the time of the injury will be held exclusively liable". The board acted within its discretion when it refused appellants' belated request to reopen the case and further develop the record on the question of joint employment on this record where dual employment was established *(Matter of McCrocklin v Bernstein,* 48 AD2d 987; *Matter of Layton v Interstate Heating,* 45 AD2d 779). Decision affirmed, with costs to the Workmen's Compensation Board. Greenblott, J. P., Sweeney, Main, Larkin and Mikoll, JJ., concur.