■ In the Matter of the Claim of MARGARET NEWMAN, Respondent, v CLARKSTOWN CENTRAL SCHOOL DISTRICT et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed February 15, 1979, which awarded death benefits to the claimant. The decedent was employed as a school custodian (janitor) and on April 5, 1971, while in the course of his employment, he died as the result of a myocardial infarction. The decedent's precise activity at the time he was stricken was unknown, as his collapse was unwitnessed, but there is evidence that he was in the general course of his employment, i.e., cleaning or performing duties in a classroom. The appellants' expert witness testified that the decedent had a pre-existing underlying arteriosclerotic coronary condition of such a severity that it was the sole cause of death. However, the claimant's expert witness was of the opinion that excitement resulting from a concurrent accidental happening at the school (which did not in any way involve the claimant as a participant) or his manual labor "could have been a precipitating cause". The board found: "on the basis of the credible evidence in the entire record * * * the accident occurred during claimant's working hours and at a point where claimant's duties could well have taken him. The fact that no one can explain the reason for the accidental injury together with the presumption under Section 21 of the Workers' Compensation Law, leads to the legal conclusion that the accident arose out of and in the course of employment." That finding is supported by substantial evidence. (See Matter of Daly v Opportunities for Broome, 39 NY2d 862, 863; Matter of Osterberg v Columbia Univ., 56 AD2d 675, 676; Matter of Casucci v Community Carting Co., 48 AD2d 725.) Decision affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Sweeney, J. P., Kane, Staley, Jr., Main and Herlihy, JJ., concur.