■ In the Matter of the Claim of EVELYN THRALL, Respondent, v AL TURNER EXCAVATING CONTRACTOR, INC., et al., Appellants, SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from decisions of the Workers' Compensation Board, filed June 29, 1979 and August 10, 1979. Decedent, an extremely obese 52-year-old male, was employed as a heavy equipment operator. On December 8, 1975 he began work at 8:00 A.M., operating a 10-ton bulldozer and a 10-ton roller. It was necessary that he alternately climb down from one machine and mount the other in order to carry on his work activities. At about 3:30 P.M. decedent was found lying on the ground, with the 10-ton roller slowly moving away from his prone body. He died one hour later. Dr. Redmond testified that the operation of the machines, with the attendant physical stress, was a precipitating factor in causing the death of claimant, who, at the time of the accident, was suffering from coronary insufficiency, coronary arteriosclerosis, an old myocardial infarction and obesity. Dr. Redmond was also of the view that a causal relationship existed between the work activities and claimant's death. On the other hand, the cause of death listed on the death certificate is acute coronary insufficiency secondary to extreme arteriosclerosis, and Dr. Bohrod, who performed the autopsy, stated that death was due to natural causes. On the basis of the credible evidence in the record we conclude that the accident occurred during the course of claimant's work, and the fact that nobody actually saw claimant fall to the ground does not obviate the presumption of section 21 of the Workers' Compensation Law

that claimant's death arose out of his employment *(Matter of Newman v Clarkstown Cent. School Dist.,* 74 AD2d 667). The medical evidence offered by Dr. Bohrod and Dr. Currie that there was no causal relationship between claimant's demise and his work did not overcome the section 21 presumption. While such proof created a medical question of whether claimant died of natural causes and, therefore, did not suffer an accidental death because of the strenuousness of his work activities or by the trauma of being run over by a 10-ton roller, such questions are for the board to decide *(Matter of Lagona v Starpoint Cent. School,* 50 AD2d 236, affd 40 NY2d 1034). Decisions affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.