■ In the Matter of the Claim of CHARLES PICCOLI, Appellant, v NEW YORK STATE POLICE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed August 22, 1980, which disallowed a claim for compensation on the ground that claimant did not sustain an accident within the meaning of the Workers' Compensation Law. In the course of his duties as a State trooper, claimant and his partner apprehended a suspect for driving while intoxicated. The suspect was taken by claimant and his partner to a local hospital for a blood sample in connection with the arrest. The suspect was unable to sit up so claimant and his partner were required to hold the suspect for testing. The doctor encoun-tered difficulty withdrawing blood because of collapsed veins in the suspect's arm and, accordingly, numerous needle insertions were made in the arm to obtain blood. Observing this scene, claimant, lightheaded and dizzy, fainted,

striking the floor and sustaining a laceration to his chin. The Administrative Law Judge found that claimant had suffered a compensable injury. The board reversed, holding that claimant's fainting was not caused by his employment and his injury was thus not an accident within the meaning of the Workers' Compensation Law. This appeal ensued. Since the injury suffered by claimant concededly occurred while he was on duty doing work within the scope of his responsibility, the injury was clearly sustained in the course of his employment *(Matter of Van Horn v Red Hook Cent. School,* 75 AD2d 699). This fact raises the presumption under section 21 of the Workers' Compensation Law that the injury arose out of the employment in the absence of substantial evidence to the contrary *(id.;* see, also, *Matter of Slade v Perkins,* 33 NY2d 988). The sole issue on appeal is whether this presumption has been overcome. The board, upon review of the record in its entirety, concluded that the fainting was not caused by claimant's employment. A careful examination of the medical record and information contained therein finds substantial evidence to support the determination of the board and to overcome the statutory presumption. Decision affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.