■ In the Matter of the Claim of GENEVIEVE YARTER, Respondent, v S. R. BELTRONE, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed April 9, 1981. Approximately three hours after his arrival at work, decedent, a carpenter with no prior medical history of cerebrovascular problems, was discovered lying on the floor, unconscious, next to the ladder he had been using in the task assigned to him. Several hours later decedent died, without having regained consciousness, as the result of a cerebral hemorrhage. There was no witness to the incident. The last person to see decedent alive, his foreman, testified that approximately 10 minutes before decedent was discovered on the floor, he had observed decedent on the ladder measuring rafters some eight and one-half feet above the floor. The board ruled that decedent had sustained an industrial accident, which was a competent producing cause of death, and this appeal by the employer and its insurance carrier ensued. Relying upon *Matter of McCormack v National City Bank of N. Y.* (303 NY 5), appellants initially contend that the board erred in applying the presumption contained in section 21 of the Workers' Compensation Law to this case. Although the vitality of *McCormack* is questionable in light of *Matter of Daly v Opportunities for Broome* (39 NY2d 862), the facts distinguish this case from *McCormack*, in any event, for here, unlike in *McCormack,* the evidence that decedent was last seen working on a ladder is consistent with a finding that he fell from the ladder while performing his work. The fact that nobody actually saw decedent fall from the ladder does not preclude the use of the presumption (*Matter of Thrall v Turner Excavating Contr.,* 77 AD2d 724). Under these circumstances, where there is evidence of an unwitnessed or unexplained fall at work, the board's decision that claimant is entitled to the presumption of section 21 of the Workers' Compensation Law should be sustained (see *Matter of Musicus v Broadway Pastry Shop,* 81 AD2d 723; *Matter of Van Horn v Red Hook Cent. School,* 75 AD2d 699; *Matter of Neblett v Salvation Army,* 71 AD2d 775; *Matter of Pamlanye v Bayport-Bluepoint School Dist. No. 5,* 54 AD2d 1005; *Matter of Fallon v National Gypsum Co.,* 53 AD2d 745, mot for lv to app den 40 NY2d 803). Turning to the question of whether the presumption has been rebutted by substantial evidence, there is expert medical testimony that a fall of some 10 feet from a ladder could be a competent producing cause of death from a cerebral hemorrhage. While a number of medical experts gave contrary opinions, there is no indication that the board credited this proof or found that the presumption had been rebutted, and, therefore, the board's finding cannot be disturbed (*Matter of Daly v Opportunities for Broome,* 39 NY2d 862, 863, *supra*). The remainder of appellants' arguments have no merit. Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Casey, Yesawich, Jr., and Levine, JJ., concur.