■ In the Matter of the Claim of JOHN GARDESKI, Respondent, v DYNAMIC AUTO BODY, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed June 22, 1983, as amended by decision filed December 2, 1983. ¶ At issue is whether the record contains substantial evidence to support the board's finding that claimant sustained an industrial accident within the scope of the Workers' Compensation Law. According to claimant's testimony, he injured his right knee when it collapsed while he was stepping out of a truck on his employer's premises. The employer and its insurance carrier contend that such evidence, in the absence of an explanation for the fall, is insufficient to establish that an accident occurred, particularly in view of evidence that claimant had previously injured the knee in nonwork-related incidents. ¶ This court has consistently sustained board findings of an industrial accident where a claimant was injured in an unexplained or unwitnessed fall on the employer's premises (see, e.g., *Matter of Grimaldi v Shop Rite Big V,* 90 AD2d 608; *Matter of Yarter v S. R. Beltrone, Inc.,* 89 AD2d 687; *Matter of Van Horn v Red Hook Cent. School,* 75 AD2d 699). Having established that the fall took place in the course of his employment, claimant was entitled to the presumption of section 21 of the Workers' Compensation Law that, in the absence of substantial evidence to the contrary, the fall also arose out of his employment (*Matter of Grimaldi v Shop Rite Big V, supra; Matter of Fallon v National Gypsum Co.,* 53 AD2d 745, mot for lv to app den 40 NY2d 803). Evidence of prior injuries to claimant's knee, together with the suggestion that perhaps claimant's knee collapsed solely as a result of those prior injuries, is insufficient to overcome the presumption in view of the board's finding of an industrial accident (see *Matter of Daly v Opportunities for Broome,* 39 NY2d 862). ¶ Decision affirmed, with one bill of costs to respondents. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.