■ In the Matter of the Claim of JOANNE B. CARTWRIGHT, Appellant, v ONONDAGA NEWS AGENCY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [728 NYS2d 105] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed August 16, 1999, which ruled that claimant's accident did not arise out of and in the course of her employment and denied her claim for workers' compensation benefits.

Claimant, a warehouse worker and driver, sustained facial injuries when she fell from the employer-owned van that she was using to deliver magazines. According to claimant, she had made a delivery and was waiting in the van for approximately 40 minutes to meet another driver for her afternoon deliveries when she became nauseous and attempted to exit the van to vomit. The next thing she remembered was lying in a pool of blood and then being placed in an ambulance. Claimant contends that her nausea was due to the heat in the van. The emergency room physician's note concluded that claimant's syncope or loss of consciousness was "secondary to the nausea," but because the physician did not causally relate claimant's nausea to her employment, the Workers' Compensation Board concluded that claimant's accident did not arise out of and in the course of her employment.

On this appeal, claimant contends that the Board erred in failing to apply the presumption of compensability contained in Workers' Compensation Law § 21 (1). We agree. Although the presumption does not completely relieve claimant of the burden to demonstrate that her injuries arose out of and in the course of her employment (*see*, *Matter of Lewis v New York State Dept. of Mental Retardation & Dev. Disabilities*, 257 AD2d 813), claimant's submission of undisputed proof that her facial

injuries were caused by an unexplained fall that occurred during the course of her employment gave rise to a presumption that, in the absence of substantial evidence to the contrary, the fall also arose out of that employment (*see, Matter of Gardeski v Dynamic Auto Body*, 103 AD2d 889; *Matter of Grimaldi v Shop Rite Big V*, 90 AD2d 608; *Matter of Piccoli v New York State Police*, 84 AD2d 596; *Matter of Heck v Hilton Hotels Corp.*, 12 AD2d 672). Although the emergency room physician noted that claimant's syncope appeared to be secondary to the nausea, he did not identify any cause for the nausea and "could not find any severe pathology." The absence of any medical evidence to explain the etiology of the nausea that caused claimant to lose consciousness and fall leaves the presumption unrebutted (*see, Matter of Grimaldi v Shop Rite Big V, supra*). "[S]ince it was not demonstrated [that the fall] was idiopathic and caused in any part by the physical condition of the claimant * * * the accident is entitled to the presumption" (*Matter of Heck v Hilton Hotels Corp., supra*, at 672 [citation omitted]; *accord, Matter of Fallon v National Gypsum Co.*, 53 AD2d 745, *lv denied* 40 NY2d 803; *Matter of Zeck v Nye-Wait Co.*, 17 AD2d 1024).

Mercure, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.