■ In the Matter of the Claim of BRENDON ANDREWS, Appellant, v PINKERTON SECURITY, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [759 NYS2d 907] Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed August 20, 2001, which ruled that claimant did not sustain a compensable injury and denied his claim for workers' compensation benefits.

Claimant, a security guard, injured his left knee on August 27, 2000 while making rounds at his employer's plant. As described by claimant, "[he] went to go up the stairs and as [he] was coming out the other stairs, something snapped in [his] knee." He stopped working and immediately sought medical treatment at a hospital. Thereafter, he filed a claim for workers' compensation benefits. Following a hearing, a Workers' Compensation Law Judge found that claimant sustained a work-related injury to his left knee and awarded benefits. On appeal, the Workers' Compensation Board reversed, determining that although claimant's injury occurred in the course of his employment, it did not arise out of his employment.

Initially, inasmuch as claimant's injury took place in the course of his employment, he was entitled to the presumption that the injury also arose out of that employment (*see* Workers' Compensation Law § 21 [1]; *Matter of Cartwright v Onondaga News Agency,* 283 AD2d 837, 837-838 [2001]; *Matter of Gardeski v Dynamic Auto Body,* 103 AD2d 889, 889 [1984]; *Matter of Grimaldi v Shop Rite Big V,* 90 AD2d 608, 608 [1982]). "To rebut that presumption, 'an employer must present substantial evidence to the contrary which, as a matter of law, precludes the Board from crediting any explanation of the accident except that offered by the employer' " (*Matter of Scalzo v St. Joseph's Hosp.,* 297 AD2d 883, 884 [2002], quoting *Matter of Iacovelli v New York Times Co.,* 124 AD2d 324, 325-326 [1986]).

Here, while the Board concluded that claimant's unexplained knee injury was idiopathic and not compensable, no medical evidence supporting that finding was presented (*see Matter of Cartwright v Onondaga News Agency, supra*). Although the medical reports referenced a prior knee injury in 1987, such evidence standing alone is insufficient to rebut the statutory

presumption (*see Matter of Gardeski v Dynamic Auto Body, supra* at 889). Having concluded that claimant's injury occurred during the course of his employment, and absent compelling evidence to rebut the presumption contained in Workers' Compensation Law § 21 that it arose out of claimant's employment, the Board's determination that claimant's injury was not compensable cannot be sustained.

Crew III, Peters, Rose and Kane, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.