■ In the Matter of the Claim of LENA BILOTTA, Respondent, 'v CHEVROLET-TONAWANDA DIV., G.M.C., Appellant. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed March 7, 1980, which affirmed a referee's determination that claimant had a causally related disability, and awarded her benefits. Claimant sustained a work-related shoulder injury in 1972. The referee's decision filed in 1973 awarded compensation and closed the case finding no disability or schedule loss. In 1974, claimant sustained another work-related injury to the same shoulder. The referee's decision on this latter claim filed in 1977, classified the second injury as a 25% permanent partial disability, and closed the case. Initially, the board rescinded this decision and reopened the case on the question of causally related disability. Thereafter, the board held: "Upon review of the record, the Board Panel finds based on the testimony of Dr. Tedesco, that the claimant has a causally related disability subsequent to September 7, 1976 and the award made by the W.C. Law Judge (Referee) is proper and should not be disturbed." The board found the testimony of its impartial orthopedist determinative. His diagnosis affirmatively indicated a causal relationship. Claimant's main attending physician, Dr. Ehrenreich, testified to a positive disability and a possible causal relationship. While the record includes conflicting medical testimony, the board is free to choose which experts it will credit, and reject other opinions *(Matter of Currie v Town of Davenport,* 37 NY2d 472). Upon the entire record, the board's decision is supported by substantial evidence and must, therefore, be affirmed *(300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 181). Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.