■ In the Matter of the Claim of ALICE WALLACE, Respondent, v VILLAGE OF SARANAC LAKE et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from decisions of the Workers' Compensation Board, filed May 20, 1981 and June 29, 1981. The sole issue on this appeal is whether there is substantial evidence in the record to support the board's finding that decedent's suicide was causally related to a concededly compensable injury sustained nearly two months prior to his death. We conclude that such evidence exists, and the board's decisions must, therefore, be affirmed. An award of death benefits for a suicide is proper where "all the elements present are sufficient to establish a pattern of mental deterioration causally related to an industrial accident which culminates in [the] suicide" (*Matter of Reinstein v Mendola,* 39 AD2d 369, 371, affd 33 NY2d 589). Such a pattern of mental deterioration was established by the testimony of decedent's family members and acquaintances and by the relevant medical records. Claimant's medical expert was of the opinion that the deterioration in decedent's mental condition that culminated in his suicide was causally related to the industrial accident in which decedent was involved some two months prior to his death. This expert's testimony and his report contain the factual basis for his opinion and this basis has support in the record. Accordingly, the board's finding is based upon substantial evidence and must be sustained despite the existence in the record of expert medical evidence to the contrary (see *Matter of Bilotta v Chevrolet-Tonawanda Div. G.M.C.,* 81 AD2d 718). Decisions affirmed, with costs to the Workers' Compensation Board against the employer. Mahoney, P. J., Sweeney, Kane, Casey and Mikoll, JJ., concur.

■ In the Matter of the Claim of JUNE G. HAGSTRAND, Respondent, v PITNEY-BOWES et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed May 29, 1981, which ruled that claimant's decedent sustained an accidental injury in the course of his employment and awarded benefits. Decedent was employed in the repair of office machines weighing from 15 to 250 pounds. Shortly after his arrival at work on October 25, 1978, he was found dead in the office of his employer. A medical witness testified that the cause of death was a cardiac arrythmia secondary to occlusive coronary artery disease and that his work effort imposed a burden on his coronary vascular system to the extent that his death was work related. The board accepted this testimony, and since his death was unwitnessed, and there was no substantial evidence to overcome the presumption that decedent's death was an accident arising out of and in the course of his employment, the decision should be affirmed (*Matter of Newman v Clarkstown Cent. School Dist.,* 74 AD2d 667, mot for lv to app den 49 NY2d 709; Workers' Compensation Law, § 21, subd 1). Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Kane, Casey and Mikoll, JJ., concur.